PETER L. SOWDERS, *et al.*, v. THE STATE OF KANSAS.

IN a bastardy proceeding against *George W. Sowders,* before H. S. Clark, a justice of the peace of the city of Topeka, the defendant, with *Peter L. Sowders* and two others, gave a certain bond, a copy of which (caption omitted) is as follows:

" Whereas the defendant, George W. Sowders, in the above entitled action, is this 2d day of May, 1885, adjudged the father of a bastard child as alleged in the complaint therein made by said Osie Minard against him: Now we, the undersigned, residents of said county, bind ourselves to the state of Kansas in the sum of seven hundred dollars that said defendant will appear at the next term of the district court in and for Shawnee county, Kansas, on the first day thereof, to answer said complaint, and not depart the same without leave, and abide the judgment and orders of such court.

GEORGE W. SOWDERS,
PETER L. SOWDERS,
WM. A. ZIRKLE,
ALFRED GRISE.

"Above and foregoing bond is by me, this 6th day of May, 1885, approved.      H. S. CLARK, *Justice of the Peace.*"

On November 16, 1885, *The State* brought in the superior court of Shawnee county, an action on the foregoing bond. On December 16, 1885, the defendants answered, first, by a special denial; and for a second defense, the defendants alleged, among other things, that at the September Term, 1885, of the district court of Shawnee county, the following proceedings were had in the case of The State of Kansas, on the relation of Osie Minard, against George W. Sowders, as is shown by the journal entry thereof, to wit:

" This cause coming on for trial, the defendant failed to appear, and thereupon the said defendant, George W. Sowders, being three times duly called in open court, came not, but wholly made default.    And thereupon it appearing to the court that Peter L. Sowders, William A. Zirkle and Alfred Grise are bondsmen of the said George W. Sowders, and thereupon in open court the said Peter L. Sowders, William A. Zirkle and

14 — 37 KAS.

Alfred Grise, bondsmen as aforesaid, were each three times audibly called and requested to come into court and bring the defendant George W. Sowders and discharge their recognizance, and the said bondsmen failing and refusing to produce the body of the said defendant as by the terms of said bond they were bound to do, said bond was declared duly forfeited; and said cause coming on for trial, a jury was waived, and the cause was submitted to the court for trial. The evidence being heard and all things well understood, the court finds for the plaintiff that all the material allegations in plaintiff's complaint are true; that on the — day of —— 1883, the relatrix herein, Osie Minard, was delivered of a bastard child, and that the defendant, George W. Sowders, is the father of such child. The court further finds that $700 would be a reasonable amount for the maintenance and education of said child, and that said amount ought to be paid to the relatrix herein for said purpose, by the defendant. It is therefore ordered and adjudged by the court that the plaintiff recover of and from the defendant, George W. Sowders, for the use of the relatrix herein, the sum of $700, together with costs herein laid out and expended, taxed at $—. It is further ordered and adjudged by the court, that the said sum of $700 be paid as follows, to wit: $100 within thirty days hereafter, and $50 within each and every successive sixty days until said $700 be fully paid; and that said amount be paid to Osie Minard, the relatrix herein. It is also ordered by the court, that the defendant, George W. Sowders, secure the payment of said judgment by good and sufficient sureties, or in default of such surety he be committed to the jail of Shawnee county until such surety be given. And now comes the defendant in open court and submits himself to the jurisdiction and order of the court, and is committed to jail in pursuance of the orders and judgment of the court herein. And it is further ordered by the court, that the said defendant be confined in the county jail until he secure the payment of this judgment as previously rendered.

"And these defendants aver that said Geo. W. Sowders did comply with the orders of the said district court, and did abide the judgment and orders thereof, by submitting his body to the said court, and by being incarcerated in the county jail of Shawnee county, Kansas, where he now is, and has been since the rendition of the said judgment.

"Wherefore, these defendants pray to be hence dismissed, with their costs herein laid out and expended, and for such

other and further relief in the premises as may be just and equitable."

On December 29, 1885, the plaintiff demurred to the second count of said answer, for the reason that the same does not state facts sufficient to constitute a defense to plaintiff's cause of action. On February 10, 1886, the court sustained the demurrer, to which ruling the defendants excepted; and defendants electing to stand on their answer so as aforesaid admitted by the demurrer, the court adjudged that the plaintiff recover from the defendants, for the use of the relatrix aforesaid, the sum of $700, etc., to which judgment the defendants excepted. They bring the case here.

*Overmyer & Safford,* for plaintiffs in error.

*Charles Curtis,* county attorney, and *Wm. R. Hazen,* for The State.

*Per Curiam:* The law of this case has been settled by the decision in *McGarry v. The State,* ante, p. 9, (14 Pac. Rep. 491.) The record before us sufficiently shows that the defendant below voluntarily appeared and surrendered himself into the custody of the court, as required by § 13 of the act relating to illegitimate children; and therefore it fully appears that no breach of the recognizance or bond has taken place. (*McGarry v. The State,* supra.)

The judgment of the superior court must be reversed, and the case will be remanded for further proceedings in accordance with the views herein expressed.