STATE *ex rel.* VIGG, *Co. Atty.*, v. ROMAINE *et al.*

No. 3992.   Opinion Filed April 13, 1915.

(148 Pac. 79.)

**BAIL—Discharge of Sureties—Order That They Remain Bound—Effect.**
Where an accused, who has given a recognizance with sureties to appear and answer the charge preferred against him, and abide the order of the court until said charge has been disposed of, and to do and receive what shall be enjoined by said court upon him, was in court after conviction to receive the judgment and sentence pronounced against him, he immediately passed from the custody of his bail to the custody of the sheriff by an implied order of the court, by which his bail was discharged. Nor could they thereafter be bound by an order of the trial court, entered after the pronouncement of judgment and sentence, which permits the accused to depart from custody for the purpose of procuring an appeal bond, and provides that in the meantime the sureties on the bail bond shall remain bound unto the state of Oklahoma.

(Syllabus by the Court.)

*Error from District Court, Woods County;*
*R. H. Loofbourrow, Judge.*

Action by the State, on relation .of Sandor J. Vigg, County Attorney in and for Woods County, Okla., against James Romaine and another. Judgment for defendants, and .plaintiff brings error. Affirmed.

*Sandor J. Vigg,* Co. Atty. of Woods County, for plaintiff in error.

*E. W. Snoddy,* for defendants in error.

KANE, C. J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, upon an appearance bond in a criminal case. By the terms of the bond Roy .Romaine, the principal, and the defendants as sureties, acknowledged themselves to be indebted to the state of Oklahoma in the sum of $500, "to be void, however, if the said Roy Romaine shall personally be and appear before the district court of Woods county on a certain day to answer to the charge of ·grand larceny preferred against him, and to abide the order of the court, and make like appearance from day to day at each successive term of said court until such charge shall have been disposed of, and to do and receive what shall be enjoined by said court upon him, and shall not depart the said court without leave." In the petition it was alleged that the principal, Roy Romaine, duly appeared for trial on the 16th day of January, 1909, was found guilty of the charge preferred against him; that on the 20th day of January the trial court overruled his motion for a new trial and passed sentence upon him, assessing his punishment at three years at hard labor in the state penitentiary and fixing his appeal bond in the sum of $2,000; that on the same day and in connection with the same order the trial court further ordered "that· the said Roy Romaine be given ten days from the said day in which to execute as aforesaid the said stay bond, and during the said ten days, and until the said Roy Romaine should surrender himself in accordance with the sentence aforesaid, the said

court then and there, on the said 20th day of January, 1909, ordered and decreed that he, the said Roy Romaine, be held under the bond hereinbefore mentioned and set out as 'Exhibit A,' and that his said sureties shall be held and bound unto the said state of Oklahoma, until the said Roy Romaine performed fully the things enjoined upon him by the said court, and until he submitted himself to the sentence and orders of the court as aforesaid"; that upon this order being entered said Roy Romaine was set at liberty; that thereupon said Roy Romaine, in violation of the terms and covenants of said bond, departed the jurisdiction of said court without leave and authority, and thereby failed, neglected, and refused to do and receive what the court enjoined upon him as aforesaid; that thereafter at the next regular term of said court the name of said Roy Romaine was called to be and appear before the court and to receive what was enjoined upon him; that after being duly called he failed, neglected, and refused to appear; that on the same day and at the same time and place the defendant sureties were duly called and requested to bring the body of the said Roy Romaine into court and save their said bond and recognizance; that the said defendant sureties failed, neglected, and refused to respond, and they offered no excuse for the absence of the said defendant, Roy Romaine, who departed the jurisdiction of the court without leave and authority; that the said court then and there ordered and decreed that the said bond be, and the same was, declared forfeited, and the said forfeiture was then and there duly taken and entered on the records of the said court. The trial court sustained a general demurrer to this petition, from which action the plaintiff prosecutes this proceeding in error.

The demurrer was sustained upon the theory that, upon a person charged with a felony being convicted and sentenced, he is no longer in the custody of his bail, but in the custody of the proper officer of the law, and if he

thereafter escapes or departs without leave of court his bail
is discharged, without a formal order to that effect.   We,
think this position is well taken.   Section 5931, Rev. Laws
1910, provides that:

"If a general verdict is rendered against the defendant,
he must be remanded if in custody, or if on bail he may
be committed to the proper officer of the county to await the
judgment of the court upon the verdict.   When committed
his bail is exonerated, or if money is deposited instead of
bail it must be refunded to the defendant."

Section 5963, Rev. Laws 1910, provides that:

"If the judgment be imprisonment, or fine and im-.
prisonment, until such fine be paid, the defendant must
forthwith be committed to the custody of the proper officer,
and by him detained until the judgment be complied with,
unless the sentence be suspended."

Section 5992 provides for the method of taking appeal
from the judgment of conviction.   It will be observed that
section 5963, *supra*, makes it the duty of the trial court
upon judgment immediately to commit the defendant, if
the judgment be imprisonment, or fine and imprisonment,
to the custody of the proper officer until the judgment be
complied with.   It is the further duty of the trial court,
in passing sentence in accordance with section 5992, *supra*,
to fix a reasonable time within which bail may be given,
and during such time to hold the defendant in custody.
Instead of following this statute, the court, after overruling
the defendant's motion for new trial, rendering judgment,
and passing sentence upon him, ordered him to be set at
liberty for the purpose of giving him an opportunity to
procure an appeal bond.   His failure to return did not con-
stitute a breach of the conditions of his bond.   The sureties
upon this bail bond did not undertake to return Romaine
after his departure with leave of court, under the circum-
stances disclosed by the record before us.

In our judgment the liability of the sureties could not
be enlarged by an order of court made in plain contraven-

tion of the foregoing statutes. Upon judgment being rendered and sentence passed, the custody of the defendant under the law passed from his bail to the proper officer, and the court was not at liberty to vary or enlarge the terms of their undertaking. The same conclusion was reached in somewhat similar circumstances in the following cases: *Ex parte Williams,* 114 Ala. 29, 22 South. 446; *McGarry v. State,* 37 Kan. 9, 14 Pac. 491; *Sowders et al. v. State,* 37 Kan. 209, 14 Pac. 865; *State v. Zimmerman,* 112 Iowa, 5, 53 N. W. 720; *Miller v. State,* 158 Ala. 73, 48 South. 360, 20 L. R. A. (N. S.) 861; *Towns et al. v. Hale et al.,* 68 Mass. 199; *Roberts v. Gordon,* 86 Ga. 386, 12 S. E. 648.

For the reasons stated, the judgment of the court below must be affirmed.

All the Justices concur.