## ABEL et al. v. STATE ex rel. SAYE.

No. 9769. Opinion Filed Oct. 12, 1920.

(Syllabus by the Court.)

**1. Officers—Powers—Discretion—Mandatory Duties.**

Where power is granted in permissive language to public officers for the benefit of the public or of individuals, it is generally held that the intent of the Legislature, which is the true test, was not to devolve a mere discretion, but to impose a positive and absolute duty.

**2. Bail—Conditions of Bond—Performance.**

Where the principal on a criminal appearance bond requiring the defendant to appear before the district court on the first day of the next term and there remain from day to day and term to term until discharged by due course of law, appears for trial and is found guilty of the charge preferred against him, he does not, by virtue of section 5931, Rev. Laws 1910, immediately pass into the custody of the law and thereby discharge the sureties on his bond, unless he is committed into the custody of the proper officer to await the judgment of the court.

**3. Same—Forfeiture of Bond—Conclusiveness as to Breach.**

Where the court forfeiting an appearance bond has jurisdiction to declare a forfeiture, such forfeiture is conclusive evidence of its breach and cannot be impeached by extrinsic evidence.

**4. Same—Action on Bond—Defenses.**

Record examined, and held, that the remaining propositions presented for review were not available to defendant in an action on the bond under the rule announced by this court in Andrews et al. v. State, and other cases cited in the opinion.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by the State, on the relation of Ben F. Saye, County Attorney, against R. L. Abel and others upon an appearance bond. Judgment for plaintiff, and defendants bring error. Affirmed.

Green & Pruet and Bridges & Vertrees, for plaintiffs in error.

Ben F. Saye, for defendant in error.

KANE, J. This was an action upon an appearance bond, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendant below. The action was prosecuted in the name of the State of Oklahoma ex rel. Ben F. Saye, County Attorney, against R. L. Abel and the principals and sureties on said bond. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court. Upon trial to the court judgment was rendered in favor of the plaintiff, to reverse which this proceeding in error was commenced.

Counsel for defendant present their grounds for reversal under three propositions as follows:

"First Proposition. The judgment of the court in forfeiting the appearance bond in the case of the State of Oklahoma v. R. L. Abel was void, for the reason that the liability of the sureties terminated with the conviction of the accused. Upon conviction the defendant (R. L. Abel), being present in court, was directly in the custody of the court, and even if there was no direct order to the sheriff to take the prisoner into custody, there is always an implied order that the sheriff shall do so, and the defendant was therefore as legally in the custody of the sheriff as if the bail had delivered him. If the sheriff failed under such circumstances to take the defendant into custody, the bail was discharged by operation of law."

"Second Proposition. The court was without jurisdiction to order a forfeiture of a bond for failure of R. L. Abel to appear before the court for sentence on a day the court was not in session and on a day when the court could not have sentenced the said R. L. Abel had he appeared. The record discloses that the defendant, R. L. Abel, was ordered to appear on the 30th day of March, 1917, for sentence, and the minutes of the court disclose that the court was not in session on that day. No day was ever set subsequent to the 30th day of March, 1917, for the passing of sentence, nor was the matter continued to any later date. On the 9th day of June an order is made forfeiting the bail in this cause for failure of the said R. L. Abel to appear on the 30th day of March, 1917, a day the court was not in session. It would be as reasonable for the court to set the first Monday in March as the first day of the term, and later, and before the first Monday of March make an order continuing the first day of the term till the third Monday, and then make an order forfeiting all bonds for failure of the defendants to appear on the first Monday. Can the court even say that the defendant R. L. Abel failed to appear before the court on a day when the court was not in session."

"Third Proposition. The court excluded competent and material testimony. The offer to prove that motion for new trial had not been disposed of at the time sentence was passed, the offer to prove from the minutes of the court that an attempt was made to forfeit this bond when the court was not in session, the testimony offered to the effect that R. L. Abel left the court with the sanction and consent of the district judge and the county attorney, was admissible to show that the court was without jurisdiction to render the order of forfeiture. Such testimony was not open to the objection that such evidence was a collateral attack. Such testimony, if admitted, would have shown that the court was without jurisdiction to render the judgment forfeiting said bail and that the judgment upon which this suit is predicated is void. Such testimony tended to establish that the court was without jurisdiction to forfeit said bond at the time and in the manner herein, and such proof would have been a complete defense to the suit."

The first proposition is based upon the assumption that when the principal upon the bond appeared for trial and was convicted he immediately passed into the custody of the law, and therefore his failure to appear for judgment and sentence did not constitute a breach of his appearance bond by the terms of which he was required to appear before the district court "on the first day of the next term and there remain from day to day and term to term until discharged by due course of law."

The statute (section 5931, Rev. Laws 1910), by virtue of which it is claimed the principal passed into the custody of the law immediately upon conviction, provides:

"If a general verdict is rendered against the defendant he must be remanded if in custody, or if on bail he may be committed to the proper officer of the county to await the judgment of the court on the verdict."

It is contended that the word "may", as used in the second line of this section, should be construed to mean "shall," and that when thus construed the case at bar falls within the rule announced in State ex rel. Vigg v. Romaine et al., 47 Okla. 138, 148 Pac. 79, wherein it was held that:

"Upon judgment being rendered and sentence passed, the custody of the defendant under the law passed from his bail to the proper officer, and the court was not at liberty to vary or enlarge the terms of their undertaking."

We are unable to agree with this contention. It is quite true that where power is granted in permissive language to public offi-

cers for the benefit of the public or of individuals, it is generally held that the intent of the Legislature, which is the true test, was not to devolve a mere discretion, but to impose a positive and absolute duty. Rock Island Sup'rs v. United States, 71 U. S. 435, 18 L. Ed. 419. But in the statute now under consideration the permissive word "may" was undoubtedly used for the benefit of defendants who are on bail at the time of their conviction, and to give it the construction contended for would clearly militate against their interest. The statute contemplates that when a general verdict is rendered against the defendant, he must be remanded, if in custody. Here it will be observed the peremptory "must" is used. But if he is on bail, he "may" be committed, etc. If the Legislature intended the words "must" and "may" to be peremptory under the two circumstances stated in the statute, surely they would have used mandatory language in both instances; or they would have omitted the latter entirely and merely provided that if a general verdict is rendered against the defendant, he must be committed to the custody of the proper officer to await the judgment of the court on the verdict.

In Vigg v. Romaine, the principal on the appearance bond disappeared after conviction and judgment, and the statute under consideration (section 5963, Rev. Laws 1910) provides: "If the judgment be imprisonment, or fine and imprisonment, the defendant must forthwith be committed to the custody of the proper officer and by him detained until the judgment be complied with." When these differences between the two cases and the statutes construed are considered, the distinction between the principal case and the case at bar becomes quite apparent.

The case of Glasgow et al. v. State, 41 Kan. 333, 21 Pac. 253, is more nearly in point. That was an action upon an appearance bond conditioned that said defendant shall appear before the district court on the first day of the next term thereof to answer the complaint in said cause alleged against him and not depart the same without leave. The defendant appeared at the next term of said district court and entered a plea of not guilty. A jury was empaneled, a trial had, and the jury returned a verdict of guilty. Afterwards, and before sentence or judgment was pronounced, the defendant disappeared and did not appear for judgment and sentence. The trial court rendered judgment against the sureties upon the bond for the full amount thereof. The sureties took an appeal to the Supreme Court, where they claimed that under the statutes of Kansas an examining magistrate was authorized to take bail only in such cases as in the opinion of the magistrate would secure the appearance of the person charged with the offense, at the court where such person was to be tried. The magistrate in the preliminary examination made an order and entered it upon his docket requiring the defendant to give bond to appear and answer the charge made against him at the next term of the district court. The bond itself provided that he should appear at said court and answer to the charge and not depart therefrom without leave.

The contention of the sureties was that the statute only authorized the examining magistrate to take bail for the appearance of the defendant, and because the bond provided not only for the appearance, but that he was to answer the charge made against him and not depart from the court without leave, it was more onerous than the provisions of the statute and for that reason was a nullity and could not support the judgment based upon it. It was also contended, as in the case at bar, that the conditions of such bond, even if it had been authorized by the statute, were fully complied with by the defendant, McGuire; that he did appear at the term of court, and therefore his sureties on the bond were released from all liability.

The court, in discussing the proposition of law presented, says:

"We think when a party is required to appear at the district court, after a preliminary examination has been had or waived, that the use of the word 'appear' implies that he is to appear for the purposes of a trial of the charges against him. It is not enough for the party to be there the first day, and then slip off without leave, in order to comply with the conditions of the bond. The very fact of the condition of his appearance is that he shall appear for a certain purpose. He appears for the trial of the charges made against him; and if he departs before the trial and judgment is had, without leave of the court, his bond is forfeited. He appeared for trial. He departed before judgment. The statute provides that if without sufficient excuse he neglects to appear for trial or judgment, the court must direct the fact to be entered upon its minutes, and declare the forfeiture of the bond."

The Glasgow Case seems to pass on the identical question involved in the case at bar, and as the Kansas statutes construed are identical with our own statutes on the same subject, we are constrained to follow the rule announced by the Kansas court. Our statute nowhere describes the form of the bond, but the form in this case follows the customary form and requires the principal to appear on the first day of the next

term and there remain from day to day and term to term of said court until discharged by due course of law.

In Shriver et al. v. State, 32 Okla. 507, 122 Pac. 160, the court held that:

"The condition in a bond that the principal will appear before the district court to answer a charge is not fulfilled by appearing for arraignment and moving to set aside the indictment, demurring or pleading thereto. He must stay until the case is disposed of and he is discharged by the court."

In State ex rel. Buckley v. Drake et al., 40 Okla. 538, 139 Pac. 976, it was held that the authorities do not sustain the proposition that the appearance of an accused for trial where a conviction results releases his sureties from further liability on his bond, since he has not complied with the condition of his bond requiring his attendance "until discharged by due course of law." That condition of the bond requires his attendance upon and presence before the court as much as the provision "that he will not depart without leave," or that "he will abide the judgment of the court."

In Shriver et al. v. State, supra, it was contended by the defendant that it was the duty of the court to place the defendant in custody when the indictment or information was filed in the district court, even though he may have already given bail, but the court held that such contention could not be upheld, but that it was a matter left solely to the discretion of the court.

In both of these Oklahoma cases the rule announced in Glasgow v. State, supra, was approved. We think that these authorities conclusively show that the first contention of counsel for the defendant is without merit.

Moreover, we are unable to perceive, although counsel does not urge it in his brief, why this and the remaining propositions presented for review were not foreclosed as defenses by the rule announced by this court in the following cases: Brooks Andrews and Bert Tucker v. State of Oklahoma ex rel. Ben F. Saye, County Attorney of Jefferson County (No. 9734), this day decided; State v. Hines et al., 37 Okla. 198, 131 Pac. 688; Hines et al. v. State, 39 Okla. 638, 136 Pac. 592; Edwards et al. v. State, 39 Okla. 605, 136 Pac. 577.

It is conceded that the order of forfeiture was made by the court while in session, upon the ground that the principal had absconded before judgment and was a fugitive from justice, and that the forfeiture has not been set aside by the court in which it was entered.

The rule is well established that where the court forfeiting an appearance bond has jurisdiction to declare a forfeiture, such forfeiture is conclusive evidence of its breach and cannot be impeached by extrinsic evidence. 5 Cyc. 149; State v. Pierce, 65 Oklahoma, 166 Pac. 132; Melton v. State, 46 Okla. 487, 149 Pac. 154.

In the case at bar the principal was required by the terms of the bond itself to appear from term to term and day to day, etc., and the order of the court requiring him to appear on some special day fixed by the court in or out of term time did not excuse him from appearing in accordance with the terms of the bond. The finding by the court in term time that the principal was a fugitive from justice conclusively showed a breach of the terms of the bond which justified the forfeiture.

In Brooks Andrews and Bert Tucker v. State of Oklahoma ex rel. Ben F. Saye, Co. Atty. of Jefferson County, Oklahoma, supra, the defendants Andrews and Tucker offered to prove by witnesses that Anderson was taken into custody by the sheriff of Jefferson county and placed in the county jail of said county some time in the month of June, 1916, by virtue of a commitment issued out of the county court of said county on the judgment in the case in which said bond was given, and that said defendant was kept in the jail five or six days and was permitted to depart therefrom by the sheriff's force of said county, or that they turned him out. The court excluded this evidence, and its action in this respect was the principal assignment of error.

In passing upon this question the Chief Justice, who delivered the opinion for the court, said:

"This evidence would doubtless have authorized the court in which the forfeiture was taken to discharge the forfeiture, but such a defense was not available in an action on the bond, for it has been repeatedly held in this jurisdiction that the final order of the trial court declaring a forfeiture of a bail bond cannot be collaterally attacked in a subsequent action against the principal and sureties on the bond."

In Edwards et al. v. State, supra, the sureties offered to prove by parol testimony that the principal voluntarily surrendered himself to the sheriff of Okfuskee county prior to the entry of the default of the bond, and that the sheriff had taken him into custody. With reference to this defense, Galbraith, Commissioner, speaking for the court, said:

"It does not appear from an examination of the record in this case that the plaintiff in error appeared in the county court when

the forfeiture of the bonds was taken, or afterwards made application to that court to vacate or set aside the forfeiture, or made any effort in that court to relieve himself from the consequences of the forfeiture. He seemed to have remained passive until after action was commenced in the district court, when he attempted to show as a defense, by oral testimony, a surrender of the principal. This could not avail him as a defense in such action. He might have secured his discharge by complying with the provisions of the statute above quoted, by proper steps taken in the county court. That he did not do this seems to have been his own fault, and he should not now complain of the result."

As we are unable to distinguish the case at bar from the cases just cited, it follows that the judgment below must be affirmed.

PITCHFORD, JOHNSON, McNEILL, and BAILEY, JJ., concur.