**Danny Ray KINMAN, Sue Henderson and Maryland National Insurance Company, a Maryland Corporation, Plaintiffs in Error,**

**v.**

**STATE of Oklahoma ex rel. David HALL, County Attorney of Tulsa County, Oklahoma, Defendant in Error.**

**No. 41662.**

Supreme Court of Oklahoma.

Oct. 11, 1966.

Rehearing Denied Nov. 29, 1966.

Gordon L. Patten, Tulsa, for plaintiff in error.

Ted Flanagan, Asst. County Atty. of Tulsa County, for defendant in error.

JACKSON, Vice Chief Justice.

This is an appeal from judgment for plaintiff and order overruling defendant's motion for new trial in an action to recover upon a forfeited appearance bond brought by the State of Oklahoma ex rel. David Hall, County Attorney of Tulsa County, Oklahoma, against the defendants, Danny Ray Kinman, principal upon the bond and defendant in the criminal case, and Sue Henderson and Maryland National Insurance Company as sureties. Although the bond lists Sue Henderson as a surety, she signed it only in the capacity of attorney-in-fact for the corporate surety. No service of summons was had upon Kinman. Judgment was taken only against the company, which appeals.

On August 12, 1964, Kinman was charged with a felony and was released upon the appearance bond here concerned. On Au-

·gust 19, 1964, he appeared for preliminary hearing at which time the charge was reduced to a lesser offense, a misdemeanor, to which he pleaded guilty. Judgment and sentence were passed to August 31, 1964. On that day he failed to appear and his bond was ordered forfeited. A formal order forfeiting bond was later filed in the criminal case and entered upon the journal of the court. Thereafter the surety filed a motion to vacate the bond forfeiture, which was overruled on October 12, 1964. No appeal was taken from this order, which has become final.

This civil action to recover upon the forfeited bond was begun on October 27, 1964. The appeal now before us is from the judgment for plaintiff and order overruling defendant's motion for new trial in that case.

The argument made on appeal is to the effect that the reduction of the charge to the lesser offense had the effect of releasing the surety on the bond from all liability.

The only authority cited in support of this argument, State ex rel. Vigg v. Romaine, 47 Okl. 138, 148 P. 79, is not in point. In that case, the defendant in the criminal case had been convicted and sentenced but permitted to remain at liberty for ten days upon his original bond while he tried to make an appeal bond. He absconded during the ten day period. This court reversed a later judgment for plaintiff upon the forfeited bond, citing Rev.Laws 1910, Sec. 5963, to the general effect that after judgment and sentence, the defendant " * * * *must* be forthwith committed to the custody of the proper officer" (emphasis supplied). It should be noted that Sec. 5963 was repealed in 1913, and the rule set out in State ex rel. Vigg v. Romaine, supra, is no longer the law in this jurisdiction. See the later case of Able v. State ex rel. Saye, 79 Okl. 282, 193 Pac. 969, 20 A.L.R. 589.

 Defendant quotes from the cited case, State ex rel. Vigg v. Romaine, supra, in part, as follows:

"In our judgment the liability of the sureties could not be *enlarged* (extending time for appearance) by an order of court made in plain contravention of the foregoing (R.L.1910, Sec. 5963) statutes" (emphasis and parenthesis supplied).

That case does not support the suggestion that the *reduction* of a felony charge to a misdemeanor had the effect of releasing the surety on the bond. Assignments of error, unsupported by authority, will not be reviewed, unless it is apparent without further research that they are well taken. Witt v. Westheimer, 182 Okl. 645, 79 P.2d 250.

The judgment of the trial court is affirmed.