IMPERIAL INSURANCE COMPANY, a Foreign Corporation, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. 46911.

Supreme Court of Oklahoma.

April 8, 1975.

Rehearing Denied Sept. 16, 1975.

Foliart, Mills & Niemeyer, Oklahoma City, for appellant.

Otis H. Eversole, Jr., Dist. Atty. by E. M. Guillory, Asst. Dist. Atty., Muskogee, for appellee.

BERRY, Justice:

This is an appeal from trial court's order overruling appellant's motion to set aside order forfeiting bond in criminal case.

In March 1971, the State filed an information in District Court of Muskogee County charging Thomas A. Bradshaw with crime of obtaining property by false pretenses. Bradshaw was arrested and committed to custody. He contacted John R. Rogers to write bail bond for his release.

Rogers was resident bondsman of Cherokee County. He made application to make the bond in Muskogee County and obtained waiver executed by resident bondsmen of Muskogee County.

The District Court of Muskogee County required him to file a power of attorney executed by appellant and a copy of his bail bondsman's license.

This power of attorney is entitled "General Power of Attorney" and provides appellant:

"* * * does * * * appoint * * * John Rogers its * * * agent and attorney-in-fact to make, execute, seal and deliver as surety, and as its act and deed, Bail Bonds and recognizances only in a penalty not to exceed

FIFTY THOUSAND ($50,000.-00) Dollars

"ALL BAIL BONDS AND RECOGNIZANCES MUST BE ACCOMPANIED BY AN INDIVIDUAL NUMBERED POWER OF ATTORNEY PROPERLY EXECUTED.

*　　*　　*　　*　　*　　*

"* * * the execution of such bonds * * * shall be as binding upon said Company * * * as if they had been duly executed and acknowledged by the regularly elected officers of the Company * * *"

The court then authorized Rogers to post bond and authorized the Court Clerk of Muskogee County to accept the bond.

Rogers executed an appearance bond on form furnished by the court clerk and at-

tached thereto two individually numbered powers of attorney each in the amount of $5,000.

The appearance bond was accepted and Bradshaw was released.

Bradshaw appeared for trial and was convicted.

On June 23, 1972, he appeared for sentencing and the court imposed sentence of 10 years imprisonment and a fine of $5,000.

On that date the court required Rogers to file his general power of attorney and his bail bondsman's license, and entered order allowing Rogers to make "appearance" bond in amount of $10,000.

Rogers then executed a "Supersedeas Appeal Bond for Bail" in amount of $10,000, conditioned upon Bradshaw's abiding by orders of Court of Criminal Appeals. This bond stated appellant was surety. However, no individual numbered power of attorney was attached to bond. Bradshaw was then released pending appeal of the criminal conviction.

Mandate of Court of Criminal Appeals affirming conviction and fine was filed on June 13, 1973.

On July 9, 1973, the court clerk gave appellant notice to produce Bradshaw on July 20, 1973.

Appellants contend this was the first knowledge it had Bradshaw was free on appeal bond. In the interim Bradshaw left the state without permission and was incarcerated in Arkansas.

On July 20, 1973, the trial court entered an order forfeiting the "appearance bond."

On September 10, 1973, the trial court entered order overruling appellant's motion to set aside bond forfeiture and appellant appeals from that order.

On appeal appellant first contends trial court forfeited original appearance bond and forfeiture should be set aside because that bond was exonerated when Bradshaw appeared for judgment and sentencing. In support of this appellant cites *State ex rel.*

*Vigg, County Attorney v. Romaine*, 47 Okl. 138, 148 P. 79 and 22 O.S.1971 §§ 991 (a), 1076 and 1078.

For purposes of this appeal we assume original appearance bond was exonerated when Bradshaw appeared for judgment and sentencing.

However, the trial court's order permitting Rogers to file appeal bond referred to the appeal bond as an appearance bond and review of record indicates trial court actually intended to forfeit the appeal bond.

Appellant contends the appeal bond is null and void as to it because Rogers exceeded his authority as appellant's agent in executing the bond.

In this regard it refers to provision in the general power of attorney which states all mail bonds and recognizances must be accompanied by an individual, numbered power of attorney properly executed.

It contends the trial court required the general power of attorney to be filed, the state therefore had notice the general power of attorney required on individual numbered power of attorney to accompany the bond, and no such individual numbered power of attorney was filed with the bond.

It then cites cases to the effect one who deals with agent with knowledge agent has exceeded his authority has no recourse against agent's principal, and contends the appeal bond is null and void as to appellant.

We express no opinion as concerns whether a provision in a general power of attorney authorizing an agent to execute bonds only when individual numbered powers of attorney are attached to bond would be valid. Such is not the situation in the present case.

The "General Power of Attorney" specifically authorizes Rogers to make bail bonds and recognizances in a penalty not to exceed $50,000. It does not expressly state Rogers has no authority to execute such bonds unless individual numbered powers of attorney are attached, but merely states such bail bonds and recognizances

must be accompanied by an individual numbered power of attorney properly executed.

This could be construed as imposing a duty upon Rogers to attach individual numbered powers of attorney to bail bonds rather than as a condition upon his authority to execute such bonds.

2A C.J.S. Agency § 152, states:

"Under the general doctrine that the words of an instrument are to be taken most strongly against the person using them, any doubt will be resolved against the principal who framed, gave, and executed the power and in favor of third persons dealing with the agent * * *"

In *Southwestern Surety Ins. Co. v. Marlow*, 78 Okl. 313, 190 P. 672, we considered a power of attorney which appointed an attorney in fact to execute bonds for administrators, executors or curators and further provided:

"* *· * said bond not to exceed the sum of $10,000, and where accompanied by joint control agreement, and the execution and acknowledgment of said bond by the said * * * Schulyer * * *"

The insurer contended Schuyler was only a special agent with limited authority and authorized to execute bonds only in cases where same were accompanied by a joint control agreement. There we held the power of attorney was never brought to court's attention and bond was binding upon insurer under theory of apparent authority. However, we further construed the power of attorney as follows:

"The execution of the joint control agreement was a duty imposed upon the agent for the protection of the surety company, and that was the way it desired to control its dealings with the guardian, and the requirement could not be construed to limit the authority of the agent nor make the agent a special agent with limited authority in so far as third persons are concerned."

We conclude the appeal bond filed by Rogers was binding upon appellant and therefore the trial court did not err in refusing to vacate the bond forfeiture.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, BARNES and DOOLIN, JJ., concur.

SIMS, J., not participating.