**The STATE of Oklahoma, Appellee,**

v.

**H. C. FOSTER, Appellant.**

**No. 46541.**

Supreme Court of Oklahoma.

March 22, 1977.

Forest N. Simon, O. B. Martin, Oklahoma City, for appellant.

Preston Trimble, Dist. Atty., Cleveland County, by Lynn C. Rogers, Asst. Dist. Atty., for appellee.

IRWIN, Justice:

H. C. Foster (appellant) seeks reversal of an order forfeiting an appearance bond posted by him as surety on behalf of one Steve Lynn Reich, defendant in a criminal proceeding. Reich appeared at trial and judgment was rendered against him on a change of plea from not guilty to guilty. Reich was sentenced to five (5) years in the state penitentiary. Execution of sentence was stayed for thirty days. Reich was ordered to surrender himself on a date certain at a designated time and place to the Cleveland County Sheriff for transportation to the state penitentiary. Reich failed to surrender as ordered. The bond was ordered forfeited. Appellant's motion to set aside the forfeiture was overruled and appellant appealed.

Appellant contends that as surety he was discharged from all liability on the bond by operation of law when the trial court entered judgment and sentenced Reich to a term of years in prison. Appellant cites *State ex rel. Vigg v. Romaine,* 47 Okl. 138, 148 P. 79, which presented facts somewhat similar to those in the case at bar. In *Vigg,* after the trial court had entered judgment and sentenced the defendant to prison, the court ordered defendant released under his original appearance bond for the purpose of procuring an appeal bond. In denying forfeiture because of defendant's failure to appear as ordered, we held that where a person charged with a felony is convicted and sentenced, he is no longer in the custody of his bail, but in custody of the proper officer of the law and

the court was not at liberty to vary or enlarge the terms of the bondsman's undertaking. The principal statutes considered in *Vigg* were R.L.1910, §§ 5931 and 5963. Sec. 5931 is presently codified as 22 O.S. 1971, § 924, and § 5963 has been repealed. 1913 Session Laws, Ch. 112, p. 205.

Section 5931 [22 O.S.1971, § 924], provides:

"If a general verdict is rendered against the defendant he must be remanded if in custody, or if on bail he may be committed to the proper officer of the county to await the judgment of the court upon the verdict. When committed his bail is exonerated, or if money is deposited instead of bail it must be refunded to the defendant."

Repealed § 5963, stated:

"If the judgment be imprisonment, or fine and imprisonment, until such fine be paid, *the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment be complied with, unless the sentence be suspended.*" (emphasis added).

The *Vigg* court said that § 5963 made *"it the duty of the trial court upon judgment immediately to commit the defendant, if the judgment be for imprisonment, or fine and imprisonment, to the custody of the proper officer until the judgment be complied with."* The court also discussed the appeal bond statutes.

State argues that by the repeal of § 5963, the trial court is authorized to defer commitment after sentencing and that *Boice v. State,* Okl., 473 P.2d 241 (1970), makes clear that a surety on an appearance bond is not automatically discharged or exonerated unless the defendant-principal is committed to custody. State also points to the provisions of 22 O.S.1971, § 1108, as authority for the continued obligations of a surety on an appearance bond. Sec. 1108, in part provides:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for

hearing, arraignment, trial or judgment, *or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment,* the court must direct the fact to be entered upon its minutes, and the . . . bond or undertaking of bail . . . is and shall be declared forfeited . . ." (emphasis added).

The above statute was in effect (see R.L. 1910, § 6110) prior to the repeal of § 5963, *supra,* in 1913. Its provisions were consistent with § 5963 prior to repeal, and is consistent with the present statutory provisions. Then, as now, there are two types of bonds in criminal proceedings, the appearance bond for the appearance of the defendant before judgment and sentence and the appeal bond after judgment and sentence.

22 O.S.1971, § 1076, provides that the court shall at the time of entering the judgment and sentence notify the defendant of his right to appeal. 22 O.S.1971, § 1077, relates to when bail is allowable and 22 O.S.1971, § 1078, provides in part:

"When bail is allowed, the court shall fix the amount of the appeal bond and the time in which the bond shall be given in order to stay the execution of the judgment pending the filing of the appeal in the appellate court, and until such bond is made shall hold the defendant in custody. . . . If the bond is not given within the time fixed, or if given and the appeal not be filed in the appellate court within the time provided by law, the judgment of the court shall immediately be carried into execution."

The language in § 1108, *supra, "to surrender himself in execution of the judgment"* refers to a defendant released on an appeal bond. Appellee's reliance on *Boice, supra,* is misplaced since the Court was there considering a factual situation entirely different from the case at bar. There the judgment and sentence had not been entered and here they had been entered.

The plain language of 22 O.S.1971, § 1078, *supra,* directs that after judgment

and sentence the trial court shall fix the amount of the appeal bond and the time in which it shall be given. Thereafter and until the appeal bond is so posted, the defendant shall be held in custody, and if no appeal bond is posted or if there is no appeal filed the judgment and sentence of the court is *"immediately"* carried into execution. Our statutes simply do not continue liability of a surety on an appearance bond after judgment and sentence have been entered. The defendant is either released on an appeal bond or is retained in custody under the auspices of the court. After judgment and sentence have been entered, responsibility for the defendant passes to the proper authorities and the surety on the appearance bond is discharged from liability by operation of law.

⬛ A surety may always voluntarily undertake to stand bound for a risk outside the minimum scope of the statutory appearance bond. There is nothing to prevent the forfeiture of an appearance bond upon the failure of the principal to surrender in execution of sentence where the surety has freely and voluntarily assumed such an expanded risk. The assumption of additional risk on an appearance bond by the surety is purely a matter of contract.

The bond in question contains language providing for just such an expanded risk:

"IT IS THE INTENTION, CONTRACT and AGREEMENT of the makers of this Bond that it assures and guarantees, under penalty of forfeiture, the personal appearance of the defendant-principal for arraignment in the trial court, preliminary hearing(s), trial, pronouncement of judgment and sentence, appellate review if any appeal be taken, and for any and all hearings motions and proceedings in connection with or arising out of the aforementioned charge or accusation against the defendant-principal."

⬛ The above language, when considered in connection with other provisions of the bond, would impose continued liability upon the surety on an appearance bond after judgment and sentence. Were this bond the product of voluntary contract, the

Court would have no hesitancy about concurring in its enforcement, but this bond is not the product of free and voluntary contract. The bond form before us is the only appearance bond on which a surety bail may be entered in Cleveland County. Although there can be no question of the authority of the District Court to require bonds to be written on a lawfully sufficient form, the court cannot require as a precondition to acceptance of any undertaking the inclusion of terms expanding the surety's risk beyond that established by statute without the surety's free and voluntary acquiescence. There is nothing in the record supporting a conclusion that the surety in this case either voluntarily entered into the expanded risk initially or consented to an extension of the risk after judgment and sentence.

Order of forfeiture in Cases No. 46,541 and No. 46,542 reversed.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, BERRY and SIMMS, JJ., concur.

WILLIAMS, BARNES and DOOLIN, JJ., dissent.

WILLIAMS, Justice, dissenting.

I am unable to agree with the opinion of the majority in this case. In my view, it rests upon a holding, not justified by the statute or case law of this jurisdiction, that the liability of the surety on the appearance bonds ends as a matter of law when sentence is pronounced.

In *People v. Doe,* 172 Cal.App.2d Supp. 812, 342 P.2d 533, 535, a case not in point on the facts, it is said:

"A bail bond serves a three-fold purpose: (1) it permits release of a defendant from incarceration; (2) it delivers the custody of the defendant to the bail bondsmen; (3) it guarantees the personal appearance of the defendant for trial, *and in execution of any judgment * *. The last above stated is the primary purpose * * *"*. (Emphasis Added.)

In this connection, it should be noted that the first sentence of a section of the California statutes (Penal Code, Sec. 1305) is practically identical with the portion of 22 O.S.1971, Sec. 1108, quoted in the opinion of the majority in this case. Under both of these statutes, the bondsman guarantees the appearance of the defendant in execution of the sentence.

In 8 Am.Jur.2d Bail and Recognizance, Sec. 105, it is said:

"The effect of sentence on the termination of liability under a bail bond largely depends on the terms of the bond * *. But where the terms of the bond are that the principal is to *surrender himself in execution of judgment,* or that the principal will abide the order of the court, it is the principal's duty to surrender himself and submit to the penalty of the law, and on his failure to do so his sureties are liable under the bond." (Emphasis added.)

In 8 C.J.S. Bail § 79 at page 222, it is said:

"The effect of the postponement of sentence or of the execution thereof until a definite date without the consent of the surety depends on the obligation of the bond, and if the obligation is construed to require surrender of the principal *in execution of sentence* the postponement will not discharge the surety * * *." (Emphasis added.)

In *U.S.F. & G. Co. v. Justice Court, etc., Court of Appeal,* 99 Cal.App.2d 683, 222 P.2d 292, 295 (1950) quoting 8 C.J.S. Bail § 79, subd. g, p. 158, it is stated:

"Sureties on a bond conditioned that the principal shall abide the judgment of the court, or that he will appear for judgment and render himself in execution thereof, are not discharged by a conviction or pronouncement of sentence, and the principal must further submit to such punishment as shall be adjudged."

In 8 Am.Jur.2d Bail and Recognizance § 98, it is said:

"[A] bond is binding only to the extent of statutory conditions, and surplus conditions cannot be enforced. On the other hand, the sureties on a bail bond cannot change or lessen a liability fixed by statute."

So, in my opinion, this Court is not authorized to hold ineffectual the positive provision of our statute, as quoted by the majority, that the principal "[shall] surrender himself in execution of the judgment" (22 O.S. 1971 § 1108).

There is another statute which supports, at least indirectly and incidentally, the proposition that the liability of the surety on a bail bond is not necessarily terminated when sentence is pronounced. On this question (when the liability is terminated) our statutes make no distinction between convictions for felonies and convictions for misdemeanors. 22 O.S.1971, Sec. 963, provides in pertinent part that under certain circumstances, " * * * if the conviction is for misdemeanor judgment may be pronounced in the defendant's absence * *." I find it hard to believe that the legislature intended to make it possible, under certain circumstances, for the court to pronounce judgment in the absence of the defendant, but that such pronouncement would have the effect of terminating the liability of the bail bondsmen.

For the above and foregoing reasons, I respectfully dissent.