**STATE of Oklahoma, Appellee,**

v.

**Johnny Lee JACKSON, Defendant.**

**Appeal of Newt HILL, Bail Bondsman.**

**No. 51270.**

Court of Appeals of Oklahoma, Division No. 2.

Feb. 20, 1979.

Released for Publication by Order of Court of Appeals March 15, 1979.

Thomas A. Thompson, Asst. Dist. Atty., Shawnee, for appellee.

J. Rex Spurr, Shawnee, for appellant.

BRIGHTMIRE, Judge.

When the convict failed to show up January 24, 1977 for a suspended sentence revocation hearing, his bail bond was ordered forfeited. The next day, notice of the forfeiture was mailed to appellant, the bondsman who, on April 28, 1977, filed a motion to set it aside and quash execution of the judgment. The state moved to dismiss the motion because it was not filed within the 60-day period allowed by 59 O.S.1971 § 1332. The state's motion was sustained, and the bondsman appeals saying the trial court was wrong.

The bondsman's first argument is that, because the facts leading up to the forfeiture are unusual,[1] there should be a departure from the requirements of § 1332, and because the facts involve a post judgment matter, he relies upon *State v. Foster*, Okl., 561 P.2d 1359 (1977) for the proposition that the bond in question was void.

The threshold inquiry is therefore concerned with determining the nature of the bond in question and what statute governs.

On September 20, 1976 the bailed person, Johnny Jackson, pleaded guilty to the charge of second degree rape and was given a three-year suspended sentence. On October 14, 1976, the state moved to vacate the suspension because of Jackson's alleged involvement in a shooting incident October 13, 1976, and a bench warrant issued for Jackson's arrest. A preliminary revocation hearing was held December 22, 1976, and the court found the state had presented sufficient evidence to hold Jackson for a final revocation hearing on January 5, 1977, which evidently was passed to January 24, 1977.

In the meantime, on January 17, 1977, Jackson and appellant executed what was entitled a "Continuing Appearance and Supersedeas Bond" reciting that Jackson stood "charged with the crime of revocation on second degree rape . . . [sic]." In it Jackson agreed to appear for all hearings in connection with the stated "charge." The bond was approved by the court clerk and Jackson was evidently released.

Jackson failed to appear for the revocation hearing January 24, 1977, and his bond was ordered forfeited.

We hold the provisions of 59 O.S.1971 § 1332 apply to this factual situation. Appellant, incidentally, apparently does too, because in his motion to vacate, he alleged that it was a violation of that statute's terms that invalidated the forfeiture. The case he cites, however, *State v. Foster*, supra, is not relevant here because it dealt with the validity of a prejudgment bond during the post judgment period. Here we have a different situation—a post judgment bond executed specially to assure Jackson's appearance at a revocation hearing. It was a valid contract. Jackson did not appear in court on January 24, 1977 as agreed. The bond was declared forfeited and the bondsman so notified. Section 1332 requires the bondsman to move for the vacation of the

---

1. The day after the felon was released on bond he got into a shooting scrape and was incarcerated in the Pottawatomie County jail. He es- caped a few days later and was a fugitive from justice on January 24, 1977—the day he failed to appear in court for the revocation hearing.

forfeiture within 60 days, and, if he fails to do so, "the forfeiture shall become a final judgment" subject to immediate execution.

The bondsman filed nothing until some 94 days after the forfeiture. This was too late. His effort to avoid the consequences of the 60-day limitation period by asserting he "received no notice, either actual or otherwise, of the bail bond forfeiture" met with defeat when the court found the contrary after evaluating conflicting evidence.

And there is sufficient evidence in the record to support the finding.

The order overruling appellant's motion for a new trial is affirmed.

BACON, P. J., concurs.