Dear Representative Easley,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is it permissible for a bail bondsman to arrest a criminal defendant in a county courthouse?
¶ 1 Bail is the "means of procuring the release of one charged with an offense, by insuring his future attendance in court, and compelling him to remain within jurisdiction of the court."Manning v. State ex rel. Williams, 120 P.2d 980, 981 (Okla. 1942).
¶ 2 The right to bail under certain circumstances is guaranteed by Article II, § 8(A) of the Oklahoma Constitution. The parameters of bail are provided for at Chapter 19 of Title 22 of the Oklahoma Statutes (22 O.S. 2001, §§ 1100-1115.5[22-1100-1115.5]) and at Chapter 33 of Title 59 of the Oklahoma Statutes (59 O.S. 2001, §§ 1300-1340[59-1300-1340]).
¶ 3 For a criminal defendant to be admitted to bail, the defendant and his bail bondsman must execute a bond payable to the State.[1] 22 O.S. 2001, § 1101[22-1101]. Once admitted to bail, the defendant is released. Id. §§ 1105(A), 1106. The bondsman serves as the defendant's surety guaranteeing that the defendant will appear in court. For a general discussion of bail see 1 Clarence Alexander, The Law of Arrest in Criminal and Other Proceedings (1949). The defendant and bondsman also enter into a contract which sets out the terms of the bail. See State v.Jackson, 592 P.2d 546, 547 (Okla.Ct.App. 1979).
¶ 4 Once the defendant appears and the matter is adjudicated, the bondsman is discharged from liability on the bond. See Statev. Foster, 561 P.2d 1359, 1362 (Okla. 1977); State ex rel. Viggv. Romaine, 148 P. 79, 80 (Okla. 1915). However, if the defendant fails to appear in court, he has breached the undertaking and forfeits the bond. 22 O.S. 2001, § 1108[22-1108]; 59 O.S. 2001, § 1332[59-1332](A). A breach of the undertaking is commonly referred to as "jumping" bail. See 22 O.S. 2001, § 1110[22-1110]. In the event of a breach, the court clerk must give notice to the bondsman within thirty days of the forfeiture. 59 O.S. 2001, § 1332[59-1332](A). The bondsman then has ninety days from the date of receipt of the notice to return the defendant to custody in order to vacate the forfeiture and exonerate the bond. Id. § 1332(C)(1). If the defendant is not returned to custody within that time, the bondsman must pay the bond. Id. § 1332(D).
¶ 5 Bondsmen have statutory authority to arrest criminal defendants with whom they have executed a bond. 59 O.S. 2001, §§ 1327[59-1327](A). A bondsman may make an arrest prior to the breach of an undertaking. Id. §§ 1327(A),1329. Section 1327(A) provides in pertinent part as follows:
 A. At any time before there has been a breach of the undertaking in any type of bail provided herein, the surety or bondsman may surrender the defendant, or the defendant may surrender himself or herself, to the official to whose custody the defendant was committed at the time bail was taken, or to the official into whose custody the defendant would have been given had he or she been committed. The defendant may be surrendered without the return of premium for the bond if he or she has been guilty of nonpayment of premium, changing address without notifying his or her bondsman, conceals himself or herself, or leaves the jurisdiction of the court without the permission of his or her bondsman, or of violating his or her contract with the bondsman in any way that does harm to the bondsman, or the surety, or violates his or her obligation to the court.
Id.
¶ 6 A bondsman may also arrest a defendant after a breach of the undertaking pursuant to 59 O.S. 2001, § 1332.1[59-1332.1] which provides in full as follows:
 For the purpose of surrendering a defendant after a breach of the undertaking, the following persons may return the defendant to custody:
1. A bondsman or surety;
2. An employee of a bondsman or surety; or
 3. A peace officer acting within the peace officer's jurisdiction.
Id.
¶ 7 As a result, the bondsman may arrest the defendant prior to the defendant's appearance in court if the defendant violates any of the contractual terms of his bail as provided for at Section 1327. The bondsman may also arrest the defendant if the defendant breaches the undertaking by failing to appear in court. Id. § 1332.1.
¶ 8 Your question relates to the place in which a bondsman may make an arrest. Specifically, you have asked whether a bondsman is prohibited by law from arresting a defendant in a county courthouse.
¶ 9 Your question is answered by 22 O.S. 2001, § 1107[22-1107] which provides in full as follows:
 Any party charged with a criminal offense and admitted to bail may be arrested by his bail at any time before they are finally discharged, and at any place within the state; or by a written authority endorsed on a certified copy of the recognizance, bond or undertaking, may empower any officer or person of suitable age and discretion, to do so, and he may be surrendered and delivered to the proper sheriff or other officer, before any court, judge or magistrate having the proper jurisdiction in the case; and at the request of such bail the court, judge or magistrate shall recommit the party so arrested to the custody of the sheriff or other officer, and endorse on the cognizance, bond or undertaking, or certified copy thereof, after notice to the district attorney, and if no cause to the contrary appear, the discharge and exoneration of such bail; and the party so committed shall therefrom be held in custody until discharged by due course of law.
Id. (emphasis added).
¶ 10 The plain language of Section 1107 states that the bondsman may arrest a defendant at any place within the State. No statute or case law prohibits the arrest of criminal defendants in county courthouses. As a result, a bail bondsman has authority to arrest a defendant in a county courthouse.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 22 O.S. 2001, § 1107[22-1107] authorizes a bail bondsman toarrest a criminal defendant any place within the State, includinga county courthouse.
W.A. DREW EDMONDSON Attorney General of Oklahoma
GRANT E. MOAK Assistant Attorney General
[1] Title 59 O.S. 2001, § 1334[59-1334](A) provides for the admission to bail on personal recognizance.