Martin EDWARDS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 37851.

Supreme Court of Oklahoma.

Feb. 11, 1958.

Pat Malloy, Rooney McInerney, Tulsa, for plaintiff in error.

J. Howard Edmondson, County Atty. of Tulsa Co., Sam E. Taylor, Asst. Co. Atty. of Tulsa Co., Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal from an order of the district court overruling a motion to vacate a bail bond forfeiture. The defendant, Martin Edwards was duly charged by information in said court with the crime of transportation of intoxicating liquor—2nd and subsequent offense. On December 28, 1956, the defendant secured his release from custody by the making and approval of a bail or appearance bond in the principal amount of $1,000. On February 6, 1957, because of defendant's failure to appear at the time set for trial of said case, the bond was regularly forfeited and bench warrant was issued for his arrest. On February 19th following, defendant appeared and surrendered himself into custody and a week later filed motion to set aside the bond forfeiture. A complete trial was had on the motion, resulting in an order and judgment overruling said motion. Defendant has perfected this appeal.

Appearing as a witness, defendant testified that he was in the filling station and whiskey selling business; that he knew his case was set for trial on February 6th but that his lawyer had told him that a jury would be waived and his appearance on said date was unnecessary; that, from about the first of the year to the 10th or 11th of February, he was on a vacation in New Orleans and in Florida and did not know of the forfeiture of his bond until he returned; that some two or three days later, he surrendered himself to the sheriff. On cross examination, he testified that during the preceding 10 or 11 years he had been arrested and charged with criminal violations on thirty to forty occasions.

After a forfeiture of an appearance bond, the court may vacate the for-

feiture under the provisions of 22 O.S.1951 § 1108 but a prerequisite of such violation is that the defendant appear and "satisfactorily excuse his neglect." In the case of State v. Wright, 193 Okl. 383, 143 P.2d 801, 805, the trial court vacated the forfeiture, and this court pointed out that, "the application * * * to set aside the forfeiture, under said statute, is addressed to the discretion of the court * * * The discretion referred to is necessarily a sound judicial and not an arbitrary one." The rule remains the same whether the motion to vacate the forfeiture is sustained or denied and, on appeal, this court will not interfere unless an abuse of that discretion is clearly shown.

The evidence contained in the record herein amply sustains the following pronouncement of the trial court:

"It is the judgment of the Court that this forfeiture should not be set aside. The defendant was present and arraigned in the District Court on the 9th day of January. At that time his case was set by the presiding court and announced to him, to his attorney and to all persons present, that his case would be heard before a Jury on February 6th. Publication of the criminal jury docket commenced in the Legal News on the 25th of January. When the defendant's case was called for trial on the morning of the 6th, neither the defendant nor his bondsman appeared, whereupon the Court reset the matter for 1:30 for bond forfeiture. At 1:30 defendant's counsel appeared in court and was present at the time the forfeiture was ordered by the Court and no reason or request at that time was made to the Court why the bond should not be forfeited. The defendant did not come into court until after the close of the jury session of the court."

A thorough review of the entire record discloses no abuse of discretion by the trial court.

The judgment is affirmed.