Kenneth Doyle TAFF and Maryland National Insurance Company, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 41133.

Supreme Court of Oklahoma.

Dec. 27, 1966.

Rehearing Denied Feb. 21, 1967.

Sid White, Oklahoma City, for plaintiffs in error.

Murray F. Gibbons, County Atty., McClain County, Purcell, Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

DAVISON, Justice.

Kenneth Doyle Taff (defendant below) and Maryland National Insurance Company (surety on defendant's bail bond) appeal from an order forfeiting a bond given for the appearance of the defendant in a criminal case.

The record reflects that pursuant to 20 O.S.1961, § 289, the Chief Justice of the Supreme Court made an order appointing and assigning Garland H. Hope (Judge of the County Court of Garvin County, Oklahoma) as a temporary judge to hold court in the County Court of McClain County for a period of 19 days beginning May 13, 1963. On that date the defendant appeared before Judge Hope in the County Court of McClain County on a complaint of larceny of a domestic animal. His attorney was present. Defendant entered a plea of not guilty. At the preliminary hearing on May 20, 1963, the defendant and his attorney appeared before Judge Hope and hearing was had and defendant was bound over to the District Court of McClain County and his bond fixed at $3000. On June 5, 1963, the defendant was arraigned in District Court and entered a plea of not guilty and was released on bond made by the above named surety.

The case was set for trial on June 20, 1963, but was stricken because of illness of defendant's attorney. The case was later set for trial on November 5, 1963, at 9:00 A.M., and defendant's attorney appeared but defendant did not appear for the trial. The record reflects that defendant's attorney was furnished with a copy of the court docket; that said attorney admitted receiving a letter from the County Attorney on November 1, 1963, stating that the case was set for the above date and defendant's attorney so advised defendant's mother; and that defendant telephoned his attorney from Tulsa, Oklahoma, at 8:00 A.

M. on the trial date, stating he was proceeding immediately to Purcell, the county seat of McClain County. The trial judge then passed the matter to 1:00 P.M. to enable the defendant to appear, but defendant did not make an appearance and the judge ordered the bail bond forfeited.

The record does not show that defendant made any later personal appearance or that he surrendered to the sheriff or the court.

During the next term of court, and on January 2, 1964, the defendant and surety filed a motion to set aside the bond forfeiture, alleging defendant did not receive proper notice of the hearing and was unable to appear, and that the surety did not receive proper notice that the case was set for trial in order to make arrangements to see that defendant was present on the trial date, and that defendant would show good cause why the forfeiture should be set aside. On January 17, 1964, defendant filed a supplemental motion to vacate the bond forfeiture, alleging that no proper and valid preliminary hearing was accorded the defendant for the reason that the appointment of Judge Hope was invalid and he had no authority to act as a magistrate in such hearing.

On the hearing of these motions no evidence was introduced concerning the alleged inability of defendant to appear on the trial date. The trial court refused to vacate the forfeiture.

We will first dispose of the contention that no proper notice of the trial was given the defendant and surety.

Title 22 O.S.1961, § 1108, provides for forfeiture of bail where the defendant, "without sufficient excuse," neglects to appear according to the terms of the bond, and provides further as follows:

"* * * But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. * * *"

■ The case was regularly set for trial and defendant's attorney had notice of the trial date. Defendant had actual notice and the lower court passed the matter for a time considered sufficient to enable defendant to appear. There is no evidence that defendant was prevented or unable to attend the trial. If such a circumstance existed, then it appears strange that no motion to vacate the forfeiture was filed in compliance with the statute within the almost two month period prior to adjournment of the court at the end of the term. When such motions are filed before final adjournment of the court, and the defendant and surety present an excuse for the neglect, the application to set aside a forfeiture of an appearance bond in a criminal action is addressed to the sound judicial discretion of the court. Wilder v. State, Okl., 310 P.2d 765.

■ As heretofore shown and stated, the motion now under consideration to vacate the forfeiture was filed after the final adjournment of the court term at which the forfeiture was ordered and consequently did not exactly fall within the provisions of the statute, supra. The briefs of the parties do not argue or present authorities on the proposition of the extent of the authority or jurisdiction of the lower court to consider and determine the motion and the merit thereof in such a situation. Under the circumstances this court will make no determination of this proposition. The fact is that the court refused to vacate the forfeiture. We deem it only necessary to state that we have examined the record and find that the lower court did not abuse its judicial discretion in denying the motion to vacate the bond forfeiture because of lack of proper notice to defendant and surety.

The defendant further contends that there was no valid statutory authority for the action and order of the Chief Justice of this court in appointing and assigning Judge Hope (County Judge of Garvin County) to act as temporary Judge of the County Court of McClain County.

The argument of defendant runs as follows: that Art. 7, Sec. 11, of the Oklahoma Constitution provides, inter alia, that

the county judge shall be a qualified voter and resident of the county at the time of his election; that Art. 7, Sec. 12, provides that when the county judge is disqualified, a judge pro tempore may be selected in the manner provided for selection of judges pro tempore in the district court; that Art. 7, Sec. 9, provides that when a district judge is disqualified a district judge pro tempore may be selected by agreement of the parties to a case or by election by members of the bar of the district; and urges this is the exclusive method of selection of county judges pro tempore.

This argument is not tenable. We note and point out that the last sentence of Art. 7, Sec. 9, relative to selection of judges pro tempore of the district court, further provides that if no election of a judge pro tempore be had, then the Chief Justice of the State shall designate some other District Judge to try the case. Since county judges pro tempore "may be selected in the manner" provided for selection of judges pro tempore in the district court, supra, it could be argued with some logic that the Chief Justice could designate some other county judge to try the case.

However, the Legislature for the apparent purpose of providing for prompt disposition of civil and criminal matters in the county courts has enacted 20 O.S.1961, § 289, providing in part as follows:

"Whenever the county judge of any county in this State is unable to perform the duties of his office because of illness, absence from the county, or other disqualification, and where in the case of a disqualification the parties cannot agree upon a special county judge as provided in 22 O.S.1951, § 572, the Chief Justice of the Supreme Court, upon receiving notice of such fact, shall designate any other county judge in this State * * * to preside over the county court in said county as a temporary judge in lieu of the county judge elected in said county and to transact any business pertaining to the office of county judge in said county, and said temporary county

judge shall have the same authority and the same power as the regular judge. The regular judge and the assigned judge may sit in the same county separately and at the same time. * * *"

In Munson v. Snyder, Okl., 275 P.2d 249, 253, we held on authority of our decision in Dobbs v. Board of County Commissioners, 208 Okl. 514, 257 P.2d 802, that the appointment of a judge of a Court of Common Pleas as County Judge pro tempore was valid, and that the statutory provision in said Sec. 289, for such appointment did not violate the provisions of the Oklahoma Constitution.

In the Dobbs case, supra, we quoted Art. 5, Sec. 36, of the Oklahoma Constitution as follows:

" 'The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever.' "

It is further stated in the Dobbs case as follows:

"Our constitution vests in the Legislature the supreme power to enact laws to meet the needs of the State, and its acts should be upheld unless plainly and clearly within the express prohibitions and limitations fixed by the constitution.

* * * * * *

"The authority of the Legislature extends to all rightful subjects of legislation not withdrawn by the constitution or in conflict therewith."

The Court of Criminal Appeals of this State in Castle v. State, Okl.Cr., 392 P.2d 758, held that the appointment of a temporary county judge pursuant to 20 O.S. 1961, § 289, supra, was not terminated by the death of the regular resident judge of the county, and that the acts of the appointed judge in conducting a preliminary hearing were those of a de facto judge.

In 21 C.J.S. Courts, § 168, it is stated:

"An order by the * * * chief justice, or other designated officer or officers assigning a judge to sit in another court or to hold court in another county, district, or department, on account of the disqualification of the regular resident judge, the congestion of the calendar, or other adequate cause, is valid and sufficient to confer jurisdiction where it is authorized by a constitutional provision, valid statutory provision, or authorized rule of court and there is a substantial compliance with procedural requirements. * * *"

We find no express prohibitions and limitations in our constitution upon the power of the Legislature to enact a general law authorizing the Chief Justice of this Court to assign a County Judge to act as a temporary judge in another county.

It is our opinion that 20 O.S.1961, § 289, is valid and does not violate the provisions of the Oklahoma Constitution.

Defendant and surety make some contention that the record does not reflect the existence of any of the conditions enumerated in 20 O.S.1961, § 289, as justification for the appointment of Judge Hope as a temporary judge in McClain County, Oklahoma. The burden in this respect was on the defendant and surety. It will be presumed that the Chief Justice found the existence of all conditions necessary to authorize him to make the appointment, even though the record may be silent. Finerty v. Williams, 81 Okl. 10, 196 P. 709.

For the reasons stated the order and judgment of the lower court refusing to vacate the forfeiture of the bail bond is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.

BLACKBIRD, J., dissents.