B. E. BOICE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 42607.

Supreme Court of Oklahoma.

July 21, 1970.

A. W. Mauldin, Duncan, Carrol Womack, Oklahoma City, for plaintiff in error.

Joseph H. Humphrey, Dist. Atty., District No. Six, State of Oklahoma, for defendant in error.

LAVENDER, Justice:

This appeal, by the surety on an appearance bond for the defendant in a criminal action, Richard E. Finch, involves two orders of the district court overruling two separate motions by the surety to vacate that court's order and judgment declaring the bond forfeited for failure of the defendant to appear on the date prescribed by the court for judgment and sentence.

The defendant and his attorney appeared on the date set for the trial of the defendant on the criminal charge involved in the bond (burglary in the second degree), waived trial by jury, and the court accepted the defendant's plea of guilty. At the request of the defendant, made through his attorney, the court continued the case for judgment and sentencing to a stated time on a stated date. Instead of committing the defendant to the custody of the sheriff to await the judgment of the court, as it could have done under the provisions of 22 O.S.1961 § 924, the court allowed the defendant to remain free on the same bond.

On the date, and at the time, so set for judgment and sentence, neither the defendant, nor his attorney, nor the surety on this bond appeared before the court, and the court entered judgment declaring the bond forfeited and directing the court clerk to enter the same upon the minutes of the court and to issue a bench warrant for the defendant.

The first of the surety's two propositions on appeal is that the liability of a surety on a criminal appearance bond is determined by the precise terms of the contract and such liability cannot be extended or enlarged by construction, implication, or order of the court. He argues that, when this defendant appeared for trial on the date set therefor, and pleaded guilty to the charge, and such plea was accepted by the court, the conditions of this particular appearance bond were fulfilled, and that, therefore, the bond could not be kept in effect beyond that time, even by order of the court, without his consent, and he had given en no such consent.

Since no motion for a new trial, attacking the order and judgment of forfeiture, was filed within the time allowed therefor by statute, the surety's argument under this proposition is, in effect, that the order and judgment of forfeiture is void because the conditions of the bond had been fulfilled.

Neither the district attorney nor this court finds any fault with the general principle of law relied on by the surety [see: 8 C.J.S. Bail § 81a and § 82c(2), pp. 223, 229 cited by the surety]. However, we cannot agree with the surety's theory that the conditions of this appearance bond were completely performed when the principal appeared at the time and place set for his trial on the criminal charge and entered a plea of guilty which was accepted by the court.

The pertinent conditions of this bond are as follows:

"Now, if the said Richard E. Finch shall well and truly make his personal appearance before said court at its next term, to be begun and holden at the Court House of said County of Stephens, in the City of Duncan, on 1–2–67 and there remain from day to day, and term to term of said Court until discharged by due course of law, then and there to answer said accusation against him, this obligation shall become void. Otherwise to remain in full force and effect."

The surety involved in the case of Abel et al. v. State of Oklahoma ex rel. Saye, County Attorney (1920), 79 Okl. 282, 193 P. 969, made substantially the same argument concerning substantially the same situation and a substantially similar appearance bond. The conditions of the bond involved in that case are stated in the

second paragraph of the court's syllabus, wherein it is held:

"Where the principal on a criminal appearance bond, requiring the defendant to appear before the district court on the first day of the next term and there remain from day to day and term to term until discharged by due course of law, appears for trial, and is found guilty of the charge preferred against him, he does not, by virtue of section 5931, R.L. 1910, immediately pass into the custody of the law, and thereby discharge the sureties on his bond, unless he is committed into the custody of the proper officer to await the judgment of the court."

Section 5931, R.L.1910, which now appears as 22 O.S.1961 § 924, hereinabove mentioned, provides that:

"If a general verdict is rendered against the defendant he must be remanded if in custody, or if on bail he may be committed to the proper officer of the county to await the judgment of the court upon the verdict. When committed his bail is exonerated, or if money is deposited instead of bail it must be refunded to the defendant."

■ We fail to see how the words, "then and there to answer said accusation against him," which appear in the bond involved in the present case but not in the bond involved in the Abel case, make any material difference between the conditions of the two bonds, particularly when those words are read as though they immediately followed the figures "1–2–67," where, chronologically and logically, they belong.

Just like the appearance bond involved in the Abel case, supra, the appearance bond involved herein was, by its own terms, to be, and remain effective for the principal's personal appearance before the specified court, from day to day and term to term, "until discharged by due course of law." Since, at the time he appeared for trial and pleaded guilty to the charge described in the bond, and the court accepted such plea,

the court did not commit him to the custody of the proper officer of the county to await the judgment of the court (as the court was authorized, but not required to do, under 22 O.S.1961 § 924, supra, and the Abel case, supra), but allowed him to remain free on such bond until the day and time set for judgment and sentence, he was not "discharged by due course of law," and the bond remained in full force and effect, according to its terms.

It appears from the record in the present case that the surety was licensed by the State of Oklahoma as a "professional bondsman" under the provisions of House Bill No. 642 of the 1965 Oklahoma Legislature (Chapter 184, O.S.L.1965; 59 O.S. Supp.1965–1969 §§ 1301 through 1340), and executed this bond as "Professional Bondsman No. 72," after that act became effective; that notice of the forfeiture of this bond was given to the surety as provided in Sections 30 and 32 of the act (§§ 1330 and 1332); and that, while both motions by this surety to vacate the forfeiture were filed during the same term of court at which the forfeiture was declared (as provided in the second sentence of 22 O.S. 1961 § 1108, hereinafter quoted) and the first motion was filed within 30 days from the date of the notices of forfeiture, as required in Section 32 of said 1965 act (§ 1332), the second motion to vacate the forfeiture was not filed for more than two months after that date.

22 O.S.1961 § 1108 provides in the first sentence thereof that:

"If, *without sufficient excuse,* the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court *must* direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking or bail, or the money deposited instead of

bail, as the case may be, *is and shall be* thereupon declared forfeited." (Emphasis supplied)

On the same subject, Section 30 of said 1965 act (§ 1330) provides, in pertinent part, and in the first sentence thereof, that:

"If there is a breach of the undertaking, the court before which the cause is pending shall declare the undertaking and any money that has been deposited as bail forfeited and the proceeds thereof paid into the clerk of the court."

That section also provides that, in the case of a professional bondsman, the court shall immediately direct a copy of said order and judgment of forfeiture to the Insurance Commissioner of the State of Oklahoma, who shall give notice by mailing a copy of said order and judgment of forfeiture to the professional bondsman and directing him to make a deposit to the commissioner of cash or other valuable security in the face amount of the forfeiture; and that, should such deposit not be made to the commissioner within thirty days from the date of the order of forfeiture, the commissioner shall withdraw the face amount of the forfeiture from the original deposit provided for in the act, depositing said amount in a separate escrow account pending appeal and final judgment on the forfeiture, and shall immediately direct the said professional bondsman to make additional deposits to bring the original deposit up to the required level.

22 O.S.1961 § 1108 (the first sentence of which provides for declaring the forfeiture of a recognizance, bond or undertaking, or the money deposited instead of bail, as mentioned above) provides in the second sentence thereof that:

"But, *if at any time before the final adjournment of court,* the defendant or his bail *appear and satisfactorily excuse his neglect,* the court *may* direct the forfeiture to be discharged upon such terms as may be just."

On the same subject, Section 32 of the above-mentioned 1965 act (§ 1332) provides, in pertinent part, that:

"In the event of the forfeiture of a bail bond the clerk of the trial court shall notify the bondsman on said bond who may, *within thirty days from the date of such notice,* file with the court a motion to set aside the order of forfeiture which motion shall contain the grounds upon which it relies. If the bondsman fails to file said motion within the thirty days, the forfeiture shall become a final judgment and the clerk shall immediately issue execution upon the undertaking in accordance with law.

"(1) Where the motion to set aside is filed within thirty days as provided above, the court shall set the motion on a date certain for hearing and within thirty days of filing of said motion and if such motion be denied, the court shall enter judgment of forfeiture against the bondsman for the amount of the undertaking and the clerk shall at once record the judgment. * * *."

Said 1965 act repealed "all laws or parts of laws in conflict herewith," but did not expressly repeal any specific statute. Under well-established principles of law, the provisions of a later statute prevail over, or supersede, those provisions, but only those provisions, of an earlier statute on the same subject which are in irreconcilable conflict therewith.

We perceive no conflict whatsoever between the provisions of the first sentence of 22 O.S.1961 § 1108 and the provisions of the first sentence of Section 30 of the 1965 act (§ 1330), and, insofar as the original order setting aside a bond forfeiture is concerned, we perceive no conflict, pertinent herein, between the provisions of the second sentence of 22 O.S.1961 § 1108 and the above-quoted provisions of Section 32 of said 1965 act (§ 1332), except with respect to the period of time allowed for the filing of a motion to set aside a bond forfeiture.

Consequently, all of the provisions of the first and second sentences of 22 O.S.1961 § 1108, hereinabove quoted, except the provision of the first sentence concerning the time for the defendant or his bail to appear and satisfactorily excuse his neglect, remain effective with respect to the bond involved herein, and the principles of law applied by this court in connection with those provisions would be applicable herein.

Concededly, the defendant involved in the present case did not appear at the time and place set for judgment and sentence, and no one appeared at that time and place to offer a sufficient excuse for the defendant's failure to appear [See: State ex rel. Buckley v. Drake et al. (1914), 40 Okl. 538, 139 P. 976]. In the absence of sufficient excuse therefor, the defendant's failure to appear for judgment and sentence, as required by law and the order of the court, constituted a violation of the terms or conditions of the bond involved herein, and made the bond subject to forfeiture as provided in the first sentence of 22 O.S. 1961 § 1108, and the first sentence of Section 30 of the 1965 act (§ 1330).

The trial court's order and judgment, declaring a forfeiture of the appearance bond in the present case when the principal, Robert E. Finch, the defendant in the criminal action described in such bond, failed to appear for judgment and sentence at the time and place prescribed therefor by the court, is not void on the ground that such bond did not, according to its terms or conditions, cover his appearance at that time and place.

In his other proposition, the surety contends that the trial court's refusal to set aside its order and judgment of forfeiture of the bond, involved in this case, was an abuse of judicial discretion and should be reversed by this court.

The surety cites Mahaney et al. v. State (1925), 106 Okl. 152, 233 P. 725, and State v. Wright et al. (1943), 193 Okl. 383, 143 P.2d 801, for the proposition that an application to set aside a forfeiture of a bail bond is addressed to the sound judicial discretion of the court. We find no fault with that principle of law, but it does not stand alone.

■■ Under the second sentence of 22 O.S.1961 § 1108, it is a prerequisite to the consideration of a motion to vacate the forfeiture of a bail bond that the principal or his surety on the bond appear and "satisfactorily excuse his neglect" [Edwards v. State of Oklahoma (1958), Okl., 321 P.2d 955, 956; State of Oklahoma v. Scott et al. (1962), Okl., 371 P.2d 704, 706]. If a motion to vacate the forfeiture of a bail bond is filed within the time allowed by statute and the defendant or his surety present a satisfactory excuse for the defendant's failure to appear, then the granting of such a motion is within the sound judicial discretion of the court [Taff et al. v. State of Oklahoma (1966), Okl., 425 P.2d 970, 972].

■ The transcript of the proceedings at the hearing on the first motion (which was overruled more than a month before the second motion was filed) discloses that the surety made no attempt whatsoever to show any excuse for the principal's failure to appear for judgment and sentence at the time and place prescribed therefor.

At the hearing on the second motion to vacate the bond forfeiture, it was stipulated by the parties that the principal had been apprehended at Fort Worth, Texas, the day before that motion was filed, and had been returned to Stephens County, Oklahoma, by two deputy sheriffs of that county, at the expense of the surety on the bond. In its journal entry overruling that motion, the trial court found that, on the same date that the second motion was filed, the principal had been brought before the court and had been sentenced to five years in the state penitentiary. There is nothing in the record to indicate that either the principal or the surety made any attempt to account for the principal's failure to appear for judgment and sentence at the time and place prescribed therefor when he pleaded guilty to the charge of

burglary in the second degree and the court accepted that plea. In its journal entry, the trial court found, among other things, that the court had not granted either written or oral permission for the principal to leave the State of Oklahoma, and that the second motion to vacate the bond forfeiture had not been filed within the 30-day period prescribed by statute.

The surety makes no particular argument concerning the order overruling his first motion to vacate the bond forfeiture. He argues that, under the case of State v. Wright et al. (1943), 193 Okl. 383, 143 P. 2d 801, the trial court abused its sound judicial discretion in overruling his second motion to vacate the bond forfeiture, because, in the similar circumstance in that case, this court held that the trial court had not abused its discretion in setting aside the bond forfeiture upon condition that the sureties pay to the State of Oklahoma $125.00 to cover the costs and expenses of the state in extraditing and returning the principal from the State of Arkansas for trial. Even without considering the statutory time for filing the motion to vacate the bond forfeiture (which clearly was complied with in that case), or the fact that this court might have affirmed the trial court in that case if it had overruled the motion, the fact situation presented at the hearing in that case is not at all the same as the fact situation presented at the hearing on either of the motions in the present case. In the body of the opinion in that case, this court said, at pages 804 and 805 of 143 P.2d:

"* * *. There is some evidence tending to show that the absence was not willful. When he was first notified [in Fort Smith, Arkansas], he apparently thought that his presence was not necessary for arraignment. He wired his attorney to enter a plea of not guilty for him and to notify him as to the date of the trial. There is also some evidence from which the inference may reasonably be drawn that the defendant was ill at the time. * * *."

In the present case, there is absolutely nothing in the record to indicate, or even suggest, that the principal's failure to appear for judgment and sentence at the time and place set therefor when he pleaded guilty to the charge involved was not willful. That case does not support the surety's contention that the trial court erred in overruling his motions to vacate the bond forfeiture.

Since the surety's second motion to vacate the bond forfeiture was not filed within the time. allowed therefor by statute [Section 32 of the 1965 act (§ 1332)], the trial court did not err in overruling that motion.

We find no abuse of a sound judicial discretion in the trial court's action in overruling the surety's motions to vacate its order and judgment of forfeiture of the appearance bond involved herein.

Because the parties do not urge that there is any material difference between the obligation imposed upon the defendant or his bondsman to "appear and satisfactorily excuse" the defendant's failure to appear as those terms are employed in 22 O.S.1961 § 1108 and the words used in 59 O.S.Supp.1969 § 1332(3) which require the same parties to make a showing of "good cause" before the trial court is required to vacate its previous order of forfeiture, we wish to state that we express no view with regard to the effect—if any—of the use by the Legislature of the different wording in the two statutes.

The orders overruling those motions are affirmed.

BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON and HODGES, JJ., concur.

IRWIN, C. J., and McINERNEY, J., concur specially.

McINERNEY, Justice (concurring specially).

I concur in the result stated in the majority opinion. The same result is, and should be, reached, in my opinion, by

applying 59 O.S.Supp.1965, §§ 1301 et seq., without consideration or discussion of the 1910 enactment, carried forward as 22 O.S.1961, § 1108. The 1965 Act on the specific subject considered in the opinion is a later comprehensive act encompassing completely the regulation of bail bonds for crimes, including forfeitures of bail bonds. I believe 22 O.S.1961, § 1108 is, therefore, inapplicable, and that 59 O.S.Supp.1965, §§ 1330, 1332 control disposition of the issues raised. The conclusion of the majority opinion is correct when viewed in light of the 1965 Act, Bail Bondsmen and Runners, 59 O.S.Supp., §§ 1301 et seq.

IRWIN, Chief Justice (concurring specially).

Although the parties do not suggest or urge that there is any material distinction between "appear and satisfactorily excuse his neglect" and "showing of good cause", I deem it appropriate to set forth in this specially concurring opinion my views on the matter.

Under the provisions of 22 O.S.1961, Sec. 1108, and after an order of forfeiture of a bond has been entered, if at any time before the final adjournment of court the defendant or his bail *appear and satisfactorily excuse his neglect* (to appear at the scheduled time) the court may direct the forfeiture to be discharged upon such terms as may be just.

In so far as pertinent to the case at bar, under the provisions of 59 O.S.Supp.1969, Sec. 1332(3), if the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within thirty days from the date of the order of forfeiture, the court, upon the motion of the defendant or the bondsman shall set aside the forfeiture *for good cause shown* and upon proof that there has been no previous forfeiture of bond in the case at issue.

In my opinion, there is no material distinction between the language "satisfactorily excuse his neglect" as employed in

Sec. 1108, supra, and a showing of "good cause" as employed in Sec. 1332(3) supra. In other words, what would or would not constitute "satisfactorily excuse his neglect" also would or would not constitute a showing of "good cause".