FULL-TIME EMPLOYEES — COLLEGE Title 74 O.S. 284 [74-284] (1973), does apply to full-time employees of Cameron College. The Attorney General has considered your opinion request wherein you, in effect, ask the following question: Does 74 O.S. 284 [74-284] (1973), apply to full-time employees of Cameron College? Section 284 provides as follows: "From and after July 1, 1973, it shall be the policy of the State of Oklahoma to upgrade salaries of all regular, fulltime officers and employees of the State of Oklahoma toward a minimum Three Hundred Fifty Dollars ($350) per month based on a forty-hour work week. From and after July 1, 1973, each regular full-time officer and employee of the State of Oklahoma shall be paid a minimum salary of Three Hundred Fifty Dollars ($350) per month based on a forty-hour work week. This minimum salary requirement shall not be in derogation of any right to overtime pay or other salary rights presently enjoyed by State officers and employees, and shall apply to the employees and officers of every State agency, board, instrumentality, or other branch or instrument of the State government, with respect to which the Legislature of this State may constitutionally impose such a minimum salary requirement." Article VI, Section 31(a), Oklahoma Constitution, created the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges which governs Cameron College. Title 70 O.S. 3412 [70-3412] (1971) grants the said Board of Regents several specific powers and duties, including power to: "(b) Employ and fix the compensation and duties of such personnel as it deems necessary . . . for the operation of the institution under its jurisdiction." Under Section 70 O.S. 3412 [70-3412] the Legislature granted the said Board of Regents the power to fix compensation of Cameron College employees. Section 284 does not conflict with the Board of Regents' power to fix compensation but merely sets a uniform minimum wage for regular full-time employees. The Board of Regents is still free to fix compensation at an appropriate level equal to or above the new minimum wage. Although the Oklahoma Supreme Court has recognized that generally the provisions of a later statute prevail over and supersede the provisions of an earlier statute, that principle of statutory construction applies only where the two statutes are in irreconcilable conflict with each other. Bowe v. State, Okl., 473 P.2d 241 (1970). Title 74 O.S. 284 [74-284] (1973) and 70 O.S. 3412 [70-3412] (1971) are consistent and not in conflict with each other. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Title 74 O.S. 284 [74-284] (1973) does apply to full-time employees of Cameron College. (Michael D. Martin)