**The STATE of Oklahoma, Appellant,**

v.

**Donald Gene YOUNGBLOOD, Defendant, Mary Ellen Cooper, Bondsman, and Stuyvesant Insurance Company, Surety, Appellees.**

No. 50708.

Supreme·Court of Oklahoma.

Nov. 29, 1977.

Andrew M. Coats, Dist. Atty., Oklahoma County, and Julia T. Brown-Wilson, Asst. Dist. Atty., for appellant.

Forest N. Simon, Oklahoma City, for appellees.

IRWIN, Justice.

State of Oklahoma (State) appeals from an order of the District Court of Oklahoma County, Oklahoma, setting aside a previously entered order of bond forfeiture. State contends trial court abused its discretion in setting aside the order of forfeiture because the facts of the case do not show defendant, Donald Gene Youngblood, offered a sufficient excuse for failing to appear as ordered for preliminary hearing.

Neither State nor appellees (defendant, bondsman and surety) dispute the applicable rule of law. In *Boice v. State,* Okl., 473 P.2d 241 (1970), this Court held:

"If a motion to vacate the forfeiture of an appearance bond in a criminal action is filed within the time allowed therefor by statute and the principal or the surety on the bond present a satisfactory excuse for the principal's failure to appear as required by the bond, the granting of such motion is within the sound discretion of the trial court."

There is no contention on the part of State as to the timeliness of appellees' motion to set aside bond forfeiture. Sole argument of State goes to the sufficiency of the excuse offered by the defendant. Briefly stated, the facts of the case are as follows.

As to the criminal proceedings for which the bond in the case at bar was written, defendant was to appear December 14, 1976, for preliminary hearing. The only testimony as to the events of that date was that of defendant and bondsman. Both testified defendant went to the Oklahoma County Courthouse on December 14th and there met with defendant's attorney. Defendant requested his attorney investigate the possibility of securing a continuance until after the Christmas holidays. Defendant's attorney discussed the matter with an assistant district attorney and informed both defendant and bondsman, who had accompanied defendant to the courthouse, that a continuance could probably be had but that further inquiries needed to be made, particularly in regard to another pending charge against the defendant for which a continuance was also being sought. Defendant waited for his attorney to return, but when he did not and after some period of time, defendant left the courthouse, evidently on the assumption the continuances had been secured.

After the defendant's departure, his case was called by the trial judge to whom it had been reassigned. Defendant failed to appear, and the bond was ordered forfeited. Motion to set aside forfeiture order was, thereafter, timely filed. At the hearing to set aside the order of forfeiture, both bondsman and defendant testified they were under the impression defendant was not to appear until January 14, 1977, thirty days after original appearance date. This impression was predicated on their discussions with defendant's attorney on December 14th.

The trial court specifically found in his order setting aside forfeiture that the defendant had "excused his neglect for his failure to appear on the 14th day of December, 1976". We cannot say as a matter of law on the forgoing facts that the trial court abused its discretion when it ordered the forfeiture set aside.

Order of the trial court affirmed.

All the Justices concur.