Dear Senate Weedn,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Does 22 O.S. Supp. 1999, § 979a[22-979a], which allows courts torequire prisoners to pay the costs of their incarceration towhoever operates the jail, conflict with 19 O.S. Supp. 1999, §180.43(A), which states that sheriffs shall receive nocompensation for housing prisoners except that granted by Section180.43(A)?
¶ 1 Title 22, Section 979a of the Oklahoma Statutes was amended in 1999 to read in pertinent part as follows:
 Except as otherwise provided in this section, the municipal attorney or district attorney shall ask the court to require a person confined in a city or county jail, for any offense, to pay the jail facility the costs of incarceration, both before and after conviction, upon conviction or receiving a deferred sentence. The costs of incarceration shall be collected by the clerk of the court. Costs of incarceration shall include booking, receiving and processing out, housing, food, clothing, medical care, dental care, and psychiatric services. The costs for incarceration shall be an amount equal to the actual cost of the services and shall be determined by the chief of police for city jails, by the county sheriff for county jails or by contract amount, if applicable. The cost of incarceration shall be paid to the municipality, county or other public entity responsible for the operation of all jail facilities. . . .
22 O.S. Supp. 1999, § 979a[22-979a](A).
¶ 2 Section 979a further directs that 15% of the money collected be distributed to various public entities, with the remainder being "paid to the municipality, the sheriff's service fee account or, if the sheriff does not operate the jail facility, the remaining amount shall be deposited with the public entity responsible for the operation of the jail facility where the person is held." Id. Finally, the court may exempt a prisoner from paying incarceration costs if it would impose a manifest hardship on the prisoner or the prisoner's immediate family. See id.
¶ 3 Your question refers to county jails in particular, and cites an apparent conflict between Section 979a and 19 O.S.Supp. 1999, § 180.43[19-180.43], which reads in pertinent part as follows:
 Each sheriff shall be paid actual expenses by the county for keeping, feeding, and maintaining prisoners, not to exceed the sum of Three Dollars and fifty cents ($3.50) per day for each prisoner for the first twenty prisoners and Two Dollars ($2.00) per day for each additional prisoner. The claim for said expenses shall be filed with and approved or disapproved by the board of county commissioners as other claims, and the sheriff shall receive no other compensation for said services.
19 O.S. Supp. 1999, § 180.43[19-180.43](A) (emphasis added).
¶ 4 Subsection B of Section 180.43 states further that sheriffs may contract with various public entities for feeding, housing, and caring for prisoners; in that case, the county pays the sheriff no compensation for the prisoners' expenses. See id.
¶ 5 In comparing the two statutes, we see that Title 22, Section 979a directs that when prisoners are incarcerated in a county jail, the court clerk collects the incarceration costs from the prisoners and pays them into the sheriff's service fee account. Pursuant to 19 O.S. Supp. 1999, § 180.43[19-180.43](A), the county, independently of the court clerk, also compensates the sheriff for the costs of prisoners' expenses (unless the sheriff has contracted with another entity to provide prisoners' services). Therefore, the prisoners' incarceration costs are being paid twice, with the result that the sheriff may receive more compensation for housing prisoners than Title 19, Section 180.43(A) allows.
¶ 6 Given this apparent conflict between two statutes, we employ rules of statutory construction to determine the legislature's intent from the language used. See Stemmons, Inc.v. Universal C.I.T. Credit Corp., 301 P.2d 212, 216 (Okla. 1956). Rules of statutory construction require that "[p]rovisions in the same statutory scheme should be given a construction which will result in harmonizing the provisions and giving reasonable effect to both sections without doing violence to either." Roachv. Atlas Life Ins. Co., 769 P.2d 158, 163 (Okla. 1989).
¶ 7 If harmonizing statutes is not possible, however, "[u]nder well-established principles of law, the provisions of a later statute prevail over, or supersede, those provisions, but only those provisions, of an earlier statute on the same subject which are in irreconcilable conflict therewith." Boice v. State,473 P.2d 241, 245 (Okla. 1970). The irreconcilable conflict in our situation lies in the Section 180.43(A) phrase "the sheriff shall receive no other compensation for said services."
¶ 8 Applying the "later statute" rule of statutory construction, we find that Section 979a was amended in the 1999 legislative session. While other subsections of Section 180.43 were also amended in 1999, Subsection A of Section 180.43 was last amended in 1989. The provisions of 22 O.S. Supp. 1999, § 979a are therefore later in time than the provisions of 19 O.S.Supp. 1999, § 180.43[19-180.43](A). Since provisions of a later statute supersede a conflicting provision in an earlier statute on the same subject, Section 979a of Title 22 supersedes the conflicting phrase in Section 180.43(A) of Title 19. The rest of Section 180.43, Subsection A remains intact.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Provisions of a later statute supersede conflicting provisionsin an earlier statute on the same subject. Title 22, Section979a, which allows courts to require prisoners to pay the costsof their incarceration to whoever operates the jail, was amendedmore recently than Title 19, Section 180.43(A), which limits acounty sheriff's compensation for housing prisoners. Therefore,22 O.S. Supp. 1999, § 979a[22-979a], supersedes the conflictingprovision of 19 O.S. Supp. 1999, § 180.43(A).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DEBRA SCHWARTZ ASSISTANT ATTORNEY GENERAL