Dear District Attorney Don Jackson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Is the statutory interest on omitted property provided by68 O.S. 2001, § 2844(A), once collected, to be remitted to thecounty general fund, to the county treasurer's resale fund, orelsewhere?
 2. Is the county treasurer authorized or required to apportionany part of tax roll collections to the treasurer's resaleaccount?
 Interest From Omitted Property
¶ 1 Your questions relate to interest proceeds collected on property previously omitted from assessment or otherwise delinquent in payment and how these proceeds are distributed. Our analysis indicates two statutes on the subject are in conflict, resulting in different amounts going to the County Treasurer's resale account.
¶ 2 Title 68 O.S. 2001, § 2844[68-2844] deals with omitted property. It provides in pertinent part:
 A. If any real, personal, railroad, air carrier or public service corporation property is omitted in the assessment of any prior year or years, and the property thereby escapes just and proper taxation, at any time and as soon as such omission is discovered, the county assessor or the county board of equalization, or the State Board of Equalization in the case of public service corporation property or railroad and air carrier property, whose duty it is to assess the class of property which has been omitted, shall at any time cause such property to be entered on the assessment rolls and tax rolls for the year or years omitted, not to exceed the last fifteen (15) years as to real property and the last three (3) years as to personal property, and shall, after reasonable notice to the parties affected, in order that they be heard, assess such omitted property for said periods and cause to be extended against the same on the tax rolls for the current year all arrearage of taxes properly accruing against it, including therein interest thereon at the rate of twelve percent (12%) per annum from the time such tax should have become delinquent.
Id.
¶ 3 The Legislature in 2005 amended the interest rate in Section 2844 from 12% to the rate found in 68 O.S. 2001, §2913[68-2913](D), with an effective date of November 1, 2005.[1]
Unless specifically provided for by statute, "[a]ll delinquent [ad valorem] taxes shall bear interest at the rate of one and one-half percent (1½%) per month or major fraction thereof until paid." Id. § 2913(D). The maximum interest on unpaid ad valorem taxes is capped at "one hundred percent (100%) of the unpaid tax." Id.
¶ 4 Two statutes address how interest from delinquent ad valorem taxes on omitted property shall be credited. Title 62 O.S. 2001, § 436a[62-436a] provides:
 All penalties, interest and forfeitures which may accrue on delinquent ad valorem taxes, whether real or personal, tangible or intangible, on any properties, persons, firms or corporations within any school district, township, town or city within a county, shall, when collected, be credited on apportionment by the county treasurer as follows: In all counties having an assessed net valuation of less than Seven Million Dollars ($7,000,000.00) one-half (½) of such penalties shall be credited to the general fund of the county and one-half (½)
to the resale property fund of such county; and in all counties having an assessed net valuation of Seven Million Dollars ($7,000,000.00) or more, all such penalties interest and forfeitures on property located in any township having a bonded indebtedness of any kind, one-half (½) of such penalties interests and forfeitures, when normally collected, shall be paid into the sinking fund of such township and the remaining one-half (½) thereof in such township and all penalties, interests and forfeitures where there exists no township bonded indebtedness of any kind shall be credited to the resale property fund of such county.
Id. (emphasis added) (footnotes omitted).
¶ 5 Title 68 O.S. Supp. 2004, § 3137[68-3137](A) provides:
 All penalties, interest and forfeitures which may accrue on delinquent ad valorem taxes, whether real or personal, tangible or intangible, on any properties, persons, firms or corporations within any county, city, town or school district within a county; the proceeds of sale of property acquired by the county at resale, the proceeds of leases, rentals and other royalties arising from the management, control and operation by the county commissioners of property acquired by the county at resale, when collected shall be credited to and accounted for in a special cash fund to be styled the "resale property fund" of such county, except the proceeds of sale of such property located in any special improvement district and by the resale of which any special improvement taxes were canceled, in which event the proceeds of sale thereof after having been acquired by the county shall be divided ratably between the resale property fund and the special improvement-tax account (paving, etc.) of the special improvement district in which such property is located, in the same ratio as the ad valorem tax bears to the special improvement taxes in the total amount of such taxes published as due at the time of the resale whereby the county acquired title to such property. That portion so accruing to such special improvement-tax account shall, in keeping with the statutes relating thereto, be applied to the fund provided for retirement of bonds and interest coupons of such improvement district.
Id. (emphasis added).
¶ 6 These statutes are in conflict as to where penalties, interest and forfeitures are to be deposited; thus the question arises, which statute controls?
¶ 7 "The cardinal principle of statutory construction is to save and not destroy." In re Okla. Dep't of Transp.,64 P.3d 546, 553 (Okla. 2002). "Only when the circumstances clearly indicate that in enacting the statute the legislature has overlooked something will this court apply rules of statutory construction in an effort to clarify and make sensible an act's purview." Arrow Tool Gauge v. Mead, 16 P.3d 1120, 1125-26
(Okla. 2000). There must be an "irreconcilable" conflict (seeGulf Oil Co. v. Woodson, 505 P.2d 484, 487 (Okla. 1972)), and the conflict must be "clear and manifest." Citicorp Sav. TrustCo. v. Banking Bd., 704 P.2d 490, 494 (Okla. 1985).
¶ 8 In analyzing the two statutes, an "irreconcilable conflict" exists between them and the conflict is "clear and manifest."

62 O.S. 2001, § 436a[62-436a] 68 O.S. Supp. 2004, § 3137[68-3137]
"All penalties, interest and forfeitures which may "All penalties, interest and forfeitures which may
accrue on delinquent ad valorem taxes, whether accrue on delinquent ad valorem taxes, whether
real or personal, tangible or intangible, on any real or personal, tangible or intangible, on any
properties, persons, firms or corporations within properties, persons, firms or corporations within
any school district, township, town or city within a any county, city, town or school district within a
county . . . ." county. . . ."
 * * * * * * * * * *
* If under $7,000,000 of net assessed valuation
then * All to resale property fund
* ½ to general fund of county 
* ½ to resale property fund.
* If over $7,000,000 of net assessed valuation then
* ½ to respective sinking funds, if applicable 
* ½ to resale property fund, or all to resale property
 fund if no sinking funds.

¶ 9 The two statutes direct penalties, interest and forfeitures for delinquent ad valorem taxes to be credited differently. Except for the provisions on crediting of proceeds, the language is almost identical. It is impossible to harmonize the conflict.
¶ 10 Our analysis now turns to when each statute was enacted. A historical review of 62 O.S. 2001, § 436a[62-436a] reveals that it was first enacted by the Indian Territory in 1897.[2] In 1953, the language in question was added by the Oklahoma Legislature.[3] The statute has not been amended since the 1953 amendment. Title 68 O.S. Supp. 2004, § 3137[68-3137] was enacted by the Oklahoma Legislature in 1933.[4] In 1965 the language in question was added by the Oklahoma Legislature.[5]
¶ 11 Where two or more conflicting enactments on the same subject are involved, we must determine the latest expression of the Legislature. Boice v. State, 473 P.2d 241, 245 (Okla. 1970). This office has previously opined where statutes were clearly inconsistent, the later statute would prevail over the earlier statute on the same subject.[6] The provisions of68 O.S. Supp. 2004, § 3137[68-3137](a) were created later in time and therefore override the provisions of 62 O.S. 2001, § 436a[62-436a].
¶ 12 Further evidence supports the later statute. Under the Title 62 provision, interest is allocated differently for counties based on a net assessed valuation of $7,000,000. Currently no counties in Oklahoma have a net assessed valuation under $7,000,000.[7]
¶ 13 Thus we conclude the interest allowed by 68 O.S. 2001, §2844[68-2844], when collected by the County Treasurer, shall be remitted to the County Treasurer's resale property fund.
 Contents Of A Tax Roll
¶ 14 No later than October 1 of each year, the County Assessor must prepare and deliver a tax roll to the County Treasurer. 68O.S. 2001, § 2868[68-2868](A). Interest, penalties and forfeitures are not found in the tax roll. In preparing the tax roll, the county treasurer includes delinquent ad valorem taxes. Id. § 2868(E). Section 2868(E) provides:
 The county treasurer shall transfer to the tax rolls for the current year, in a separate column, all delinquent taxes remaining unpaid for the previous years, distinguishing the same as to each lot and tract of land by the year and amount of tax, exclusive of penalty, as to all real properties; and when giving a statement of taxes on any property, said statement shall include all taxes due and shall designate the sum due for the current year, and the sum past due and delinquent. Said transfer to the current rolls of unpaid real property tax of previous years is hereby declared to be mandatory; and the county treasurer shall be allowed not to exceed fifteen (15) days after the delivery to him of said current rolls within which to make such transfer, before he shall be required to open the same for the reception and collection of taxes and to begin the thirty-day nonpenalty-taxpaying period before delinquency.
Id.
¶ 15 Under this statute, the Treasurer should only add the amount of current and delinquent ad valorem taxes to the tax roll. The penalty for delinquent ad valorem taxes is specifically excluded, and it is logical that interest and forfeitures should not be added to the tax roll as they specifically go to the resale property fund. As only taxes are included in the tax roll prepared by the County Treasurer, there is no apportionment of interest, penalties or forfeitures to be apportioned to the Treasurer's resale property fund.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Interest allowed by 68 O.S. 2001, § 2844, when collected by the County Treasurer, shall be remitted to the County Treasurer's resale property fund. 68 O.S. Supp. 2004, § 3137(A).
 2. In preparing the tax rolls, the County Treasurer shall include current and delinquent ad valorem taxes, but not delinquent penalties, interest and forfeitures. 68 O.S. 2001, § 2868[68-2868].
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DAVID L. KINNEY Assistant Attorney General
[1] See 2005 Okla. Sess. Laws ch. 116, §§ 6, 7.
[2] See 1897 Indian Terr. ch. 32, art. 9, § 3.
[3] 1953 Okla. Sess. Laws ch. 2a, § 1.
[4] See 1933 Okla. Sess. Laws ch. 14, § 10.
[5] 1965 Okla. Sess. Laws ch. 501, sec. 2, § 24341(a) (current version at 68 O.S. Supp. 2004, § 3137[68-3137](a)).
[6] A.G. Opin. 78-229, at 565.
[7] For fiscal year 2004 all Oklahoma counties exceeded $7,000,000 in net assessed valuation. See Okla. State Auditor 
Inspector's Office, State of Okla. Table Showing Valuation byCounty from 2004-2005 Estimates of Need Reflecting Increase orDecrease (2005). Harmon County had the lowest net assessed valuation in the State at $18,579,859. See id.